HOOVER ET AL., APPELLANTS, *v.*
SUMLIN; RANDOLPH TOWNSHIP, APPELLEE, ET AL.

[Cite as Hoover *v.* Sumlin (1984), 12 Ohio St. 3d 1.]

(No. 83-895—Decided July 3, 1984.)

2

*Messrs. Bieser, Greer & Landis, Mr. David C. Greer* and *Mr. Michael W. Krumholtz,* for appellants.

*Messrs. Thornburgh, Ferguson, Radabaugh & Weaver, Mr. Douglas K. Ferguson* and *Ms. Nancy Thornburgh,* for appellee.

KOEHLER, J. The issue in this case is whether the affirmative defense of the statute of limitations may be raised by an amendment to an answer made with leave of court, pursuant to Civ. R. 15(A),[1] where the time for an amendment as a matter of course has passed and there is no agreement of the parties permitting the amendment.

---

[1] Civ. R. 15(A) reads, in part, as follows:

"Amendments. A party may amend his pleading once as a matter of course any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"

## I

Appellants initially focus their argument on the impact of the amendment to Civ. R. 12(H)[2] which was effective on July 1, 1983. Before that date, Civ. R. 12(H) provided, with certain exceptions not applicable herein, that:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading or an amendment thereof made as a matter of course under Rule 15(A), * * *."

Appellants argue that the above-quoted version of Civ. R. 12 should govern this appeal because it was the controlling rule at the time of Randolph Township's responsive pleading below and because applying amended Civ. R. 12(H) at this time would "work an injustice" on the appellants. However, Civ. R. 86(I) clearly states that the amendments to the Civil Rules which became effective on July 1, 1983 are to "* * * govern * * * all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies."

Aside from merely asserting that the application of amended Civ. R. 12(H) will "work an injustice," appellants present no argument as to how such injustice will occur. We can find no reason why we should not apply the amended version of Civ. R. 12(H) and, as the application of the amended rule is certainly "feasible," we must initially conclude that amended Civ. R. 12(H) will apply for purposes of this appeal.

## II

The 1983 amendment to Civ. R. 12(H) should serve to alleviate much confusion as to the roles of Civ. R. 8 and 12, respectively, in the course of pleading. Civ. R. 8(C) deals with affirmative defenses and states that, in pleading to a preceding pleading, a party "* * * *shall* set forth affirmatively * * * the statute of limitations * * *." (Emphasis added.) While the word "shall" indicates the firmness of this pleading requirement, Civ. R. 8 does not state a time period within which an affirmative defense must be pleaded

---

[2] Civ. R. 12(H) now provides that:

"Waiver of defenses and objections.

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service or process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

"(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits.

"(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

or the effect of failing to plead an affirmative defense. However, it is clear that some sort of concept of "waiver" is embodied in the requirement of Civ. R. 8(C) that a party "shall" raise any affirmative defenses in his answer.

Civ. R. 12(H), as amended, provides solely for the waiver of the defenses listed in Civ. R. 12(B)(1) to (7). Civ. R. 12(H), prior to the 1983 amendments, was amenable to a broader interpretation as it stated that "all defenses" were waived if not raised in a Civ. R. 12 motion, a responsive pleading or in an amendment to a pleading made *as a matter of course.* The 1983 amendment makes it clear that waiver under Civ. R. 12(H) relates only to the defenses listed therein and no more. Though Civ. R. 12(B) also requires the prompt assertion of defenses,[3] we must look at the role Civ. R. 15 plays in pleading to develop the scope of the doctrine of waiver as it relates to the timeliness of a party's assertion of either a claim or an affirmative defense.

Civ. R. 15(A) tells the litigant how and when to amend "pleadings" and must be read in conjunction with Civ. R. 8(C). Civ. R. 15(A) permits an answer[4] to be amended once "as a matter of course" within twenty-eight days after it is served, provided the action has not been placed on the trial calendar. Thereafter, an answer may only be amended with the written consent of the adverse party or after obtaining leave of court. Civ. R. 15(A). The rule also contains the following rather unique provision: "Leave of court shall be freely given when justice so requires." Civ. R. 15(A) in no way discusses or limits what may constitute the subject matter of the amendment.

This court has previously discussed the waiver of affirmative defenses in *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55 [69 O.O.2d 350], which was obviously decided prior to the 1983 amendment of Civ. R. 12(H). There, we held that:

"Where the bar of the statute of limitations is not presented as a defense either by motion before pleading pursuant to Civ. R. 12(B), or affirmatively in a responsive pleading pursuant to Civ. R. 8(C), *or by amendment made under Civ. R. 15*, then the defense is waived under Civ. R. 12(H), and a motion raising the defense at trial is not timely made." (Emphasis added.)

We did not, as appellants suggest, limit the manner of raising affirmative defenses to amendments made "as a matter of course" under Civ. R. 15(A). Rather, under *Mills,* a defense could be raised by any Civ. R. 15 amendment.

We note that the rules applicable herein bear a strong resemblance to their federal counterparts in all substantive ways and in the policies underlying the rules. Federal R. Civ. P. 15 reflects two of the most important policies of the federal rules. See 6 Wright & Miller, Federal Practice and Pro-

---

[3] Civ. R. 12(B) provides, in part, that "[e]very defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto, if one is required * * *."

[4] Civ. R. 7(A) defines the term "pleadings" and states, in part, that "[t]here shall be a complaint and an *answer* * * *." (Emphasis added.) Though this case involves amending an answer to add an affirmative defense, it is clear that Civ. R. 15 contemplates the amendment of any Civ. R. 7 pleading, regardless of the subject matter of the amendment.

cedure (1971) 359, Section 471. First, a liberal amendment policy provides the maximum opportunity for each claim to be decided on the merits rather than on procedural deficiencies. *Id.* Second, the rule reflects the fact that pleadings are assigned the limited role of providing the parties to a lawsuit with *notice* of the nature of the pleader's claim or defense. Discovery is available to paint a more detailed picture of the facts and issues. *Id.* at 360. See, also, *Foman* v. *Davis* (1962), 371 U.S. 178.

In this respect, we find the language of the court in *Bobbitt* v. *Victorian House, Inc.* (N.D. Ill. 1982), 532 F. Supp. 734, 736, with regard to Federal R. Civ. P. 15(a), to be particularly appropriate and pragmatic:

"Rule 8(c) requires a party to set forth any affirmative defense in a responsive pleading. Failure to do so may waive the right to present evidence at trial on that defense. * * * In the real world, however, failure to plead an affirmative defense will rarely result in waiver. Affirmative defenses — like complaints — are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings freely * * * when justice so requires. Accordingly, failure to advance a defense initially should prevent its later assertion only if that will seriously prejudice the opposing party."

Indeed, even *after* the trial, Civ. R. 15(B)[5] (as well as the language of our holding in *Mills, supra*) would permit the amendment of the pleadings to reflect issues which were tried, explicitly or implicitly, with the consent of the parties.

Civ. R. 1(B) states that "[t]hese rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." One of the purposes of the Civil Rules is to effect the resolution of cases upon their merits, not on pleading deficiencies. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 175 [63 O.O.2d 262]. Pleadings are simply a means to that end.

We hold today merely that a party may appropriately raise an affirmative defense in an amended pleading. Civ. R. 15(A) states that leave of court shall be "freely given" as justice requires. Although the grant or denial of such leave is within the sound discretion of the trial court, where the defense is tendered timely and in good faith, and no reason is apparent or disclosed

---

[5] Civ. R. 15(B) reads as follows:

"Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at anytime, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

for denying leave, the denial of leave to file such an amended pleading or the subsequent striking of a defense from an amended pleading is an abuse of discretion. See *Peterson, supra,* at 175. As a tactical matter, the very possibility of waiver makes it extremely important and prudent, for both client and counsel, to plead all defenses as early as possible.

### III

Appellants next argue that the granting of appellee's motion for leave to amend its answer was an abuse of discretion. We disagree.

Appellants filed their lawsuit on May 21, 1979, naming Sumlin as the only defendant. Sumlin, who was represented by counsel retained by his insurer, Cincinnati Insurance Company, filed an answer generally denying negligence. After the second anniversary of the accident, Sumlin retained his own counsel who immediately joined Randolph Township, also an insured of Cincinnati Insurance Company, as an additional defendant. Sumlin then filed a third-party complaint against Cincinnati Insurance Company, and the insurer, now represented by Sumlin's original counsel, thereafter filed an answer.

The appellants complain that Cincinnati Insurance Company "lulled the plaintiffs into a false sense of security and then sprung the trap of the statute of limitations defense," and that "[t]he circumstances smack of protecting a preferred insured to the detriment of another insured party in the litigation."

While the appellants hint at some sort of collusion among the defendants, they not only have failed to present evidence of collusion, but they are also not the proper party to raise the issue. If Sumlin felt that he was not dealt with fairly by his insurer or the counsel retained by his insurer to represent him in this matter, then he was free to raise that issue in the appropriate forum. However, a defendant, once sued, is certainly under no duty to expose for the benefit of the plaintiff all other possible defendants prior to the running of the statute of limitations, as appellants seem to imply. There is nothing in the record to indicate that information vital to the plaintiffs' case was hidden by the appellees or that any misrepresentations were made.

As we stated above, the decision whether to grant a motion for leave to amend a pleading under Civ. R. 15(A) is within the discretion of the trial court. However, the language of Civ. R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party. See *Foman, supra,* at 182. See, also, *Roth Steel Products* v. *Sharon Steel Corp.* (C.A. 6, 1983), 705 F. 2d 134, 154. In adopting this rule, we follow the direction of "innumerable" cases interpreting Fed. R. Civ. P. 15. 6 Wright & Miller, Federal Practice and Procedure, *supra,* at 417, Section 1484.

Appellants were not prejudiced by the addition of the statute of limitations defense as they faced no obstacles by the amendment which they would not have faced had the original pleading raised the defense. See *Eastridge* v. *Fruehauf Corp.* (W.D. Ky. 1971), 52 F.R.D. 129, 131; *McIndoo* v. *Burnett*

(C.A. 8, 1974), 494 F. 2d 1311, 1313. Nor do we believe that the procedural posture of this case implicitly creates an aura of bad faith, as suggested by appellants, which required the trial court to deny Randolph Township's motion for leave to amend its answer or to grant the appellants' motion to strike the added defense from the amended answer.

Accordingly, we affirm the decision of the court of appeals below as the trial court erred in granting appellants' motion to strike the affirmative defense of the statute of limitations from Randolph Township's amended answer. We remand this case to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed and
cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment only.

KOEHLER, J., of the Twelfth Appellate District, sitting for W. BROWN, J.