[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 18.]

JIM'S STEAK HOUSE, INC. ET AL., APPELLANTS, *v*. CITY OF CLEVELAND, APPELLEE.

[Cite as *Jim's Steak House, Inc. v. Cleveland*, 1998-Ohio-440.]

*Civil procedure—Failure to file answer to amended complaint waives opportunity to raise res judicata as an affirmative defense—Civ.R. 8 and 15.*

(No. 96-1211—Submitted September 24, 1997—Decided January 28, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 68456 and 68506.

_____

{¶ 1} Appellant Jim's Steak House, Inc. ("Jim's") is a restaurant located near the Eagle Avenue lift bridge, along the Cuyahoga River in the Flats section of Cleveland. The bridge, the parties agree, provides convenient, but not exclusive, access to downtown Cleveland, across the river from Jim's. In May 1987, appellee, city of Cleveland ("the city"), unexpectedly closed the bridge for immediate repairs. The bridge did not reopen until December 1993.

{¶ 2} As the bridge provided prime access from downtown, Jim's had a stake in its prompt repair. On July 22, 1988, Jim's filed a complaint against the city, alleging that the bridge closure interfered with its business. Upon the city's motion, the trial court dismissed the action pursuant to Civ.R. 12(B)(6), for failure to state a claim. Jim's appealed that ruling to the Eighth District Court of Appeals, which, on December 23, 1991, affirmed the trial court's dismissal, stating, "We fail to determine from the four corners of appellant's complaint, sufficient facts it alleged which constituted the elements of 'Negligence, Taking or Nuisance.' "

{¶ 3} On February 3, 1992, Jim's filed another complaint ("Jim's II") in the Cuyahoga Court of Common Pleas regarding the city's continued failure to open

the bridge, alleging five theories of recovery: statutory negligence, common-law negligence, nuisance, *pro tanto* taking, and equitable injunction.

{¶ 4} The city moved the court to dismiss Jim's II under Civ.R. 12(B)(6). In that motion, the city raised no argument as to the applicability of *res judicata*. The trial court denied the city's motion. On May 18, 1992, the city answered the complaint in Jim's II, raising, as one of its defenses, *res judicata*.

{¶ 5} On April 20, 1994, Jim's filed an amended complaint, in which Raymond C. Rockey, owner of Jim's, individually asserted separate causes of action against the city. Rockey alleged that the extended closing of the bridge caused him a loss of salary, a loss on his investment, a loss of loans made to Jim's, and a loss of his future salary.

{¶ 6} On May 27, 1994, after receiving three extensions of time to respond to the amended complaint, the city moved the court to dismiss the claims raised in the amended complaint by both Jim's and Rockey. The trial court denied the motion. Thereafter, the city never filed an answer to the amended complaint, and thus raised no affirmative defenses to the claims raised therein.

{¶ 7} On November 21, 1994—the day trial was to begin—the city filed a motion to dismiss, raising for the first time after the filing of the amended complaint the affirmative defense of *res judicata*. The trial court denied the motion as untimely.

{¶ 8} The jury found for the plaintiffs, awarding Jim's $83,000 and Rockey $400,000 for lost rent, salary, and investment. The trial court denied the city's motion for judgment notwithstanding the verdict.

{¶ 9} The city appealed, maintaining that the trial court erred in not finding for the city as a matter of law on *res judicata* grounds. The city argued that the dismissal of Jim's I pursuant to Civ.R. 12(B)(6) constituted an adjudication on the merits, precluding relitigation of all issues that were brought or could have been brought therein. The court of appeals agreed and vacated the trial court's judgment,

finding that *res judicata* should have applied to bar the complaint in Jim's II as a matter of law.

{¶ 10} The cause is before this court upon the allowance of a discretionary appeal.

———————————

*Morganstern, MacAdams & DeVito Co., L.P.A.,* and *Christopher M. DeVito; Wickens, Herzer & Panza, L.P.A.*, and *Matthew W. Nakon*, for appellants.

*Sharon Sobol Jordan*, Cleveland Director of Law, and *Charles E. Hannan, Jr.,* Assistant Director of Law, for appellee.

———————————

**PFEIFER, J.**

{¶ 11} While *res judicata* was the bone of contention between the parties in the court of appeals, we instead find for Jim's for the reason that the city never filed an answer to Jim's amended complaint, and therefore waived its opportunity even to raise *res judicata* as an affirmative defense.

{¶ 12} This case is determined by the rules of pleading. Civ.R. 8(B) states that a defendant "shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." In this case, an *amended* complaint is at issue, but Civ.R. 15(A) requires a similar response to amended pleadings: "A party shall plead in response to an amended pleading within * * * fourteen days of the service of the amended pleading * * *."

{¶ 13} Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * *." In *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, 189, this court held that "[a]n affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under

Civ.R. 15. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 4, 12 OBR 1, 4, 465 N.E.2d 377, 380." We modify that holding today, noting that Civ. R. 12(H) applies only to affirmative defenses listed in Civ. R. 12(B)(1) through (6). Affirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15.

{¶ 14} In *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, 579 N.E.2d 702, 703, this court held that the defense of *res judicata* may not be raised by a motion to dismiss under Civ.R. 12(B). Thus, even assuming that the city's last-second filing of a motion to dismiss based on *res judicata* was timely filed, the affirmative defense of *res judicata* was improperly raised therein. The city failed to raise the defense in either a responsive pleading or by amendment, and therefore waived it.

{¶ 15} The amendment to the original complaint in Jim's II was significant—it added another party with distinct claims. A responsive pleading asserting the defense of *res judicata* was therefore crucial. Whether *res judicata* would have been successful as an affirmative defense in a case like this is a bridge we will cross when we properly come to it.

{¶ 16} We accordingly reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., DOUGLAS, RESNICK and COOK, JJ., concur in judgment only.

_____