OPINION
Plaintiff Myron Tharp appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which held in favor of defendants the Montgomery Township Board of Trustees, on plaintiff's complaint for a writ of mandamus and for damages. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT GRANTED THE MONTGOMERY TOWNSHIP BOARD OF TRUSTEES' MOTION TO FILE AN AMENDED ANSWER RAISING THE AFFIRMATIVE DEFENSE OF THE STATUTE OF LIMITATIONS APPROXIMATELY TWO YEARS AFTER THE COMPLAINT IN THE CASE THAT WAS FILED.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN THE TRIAL COURT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT/APPELLEES AND FOUND THAT THE DEFENDANT/APPELLEES WERE IMMUNE FROM LIABILITY FOR MONEY DAMAGES PURSUANT TO R.C. CHAPTER 2744, FOR THE NEGLIGENT FAILURE TO REPAIR OR REPLACE A CULVERT THAT RESULTED IN PROPERTY DAMAGE TO THE APPELLEE'S PROPERTY.
Appellant originally filed this action on August 30, 1994. Appellant's first cause of action in his complaint sought a writ of mandamus directing appellee to take the steps necessary to remedy a water accumulation problem on his property. Appellant's second cause of action sought compensatory damages for damage to his property resulting from the accumulation of water on his property in the past.
The trial court granted appellee's motion for summary judgment as to the second cause of action, finding the action had not been timely filed. The parties entered into a settlement concerning the first cause of action.
 I
In his first assignment of error, appellant argues the trial court abused its discretion in granting the motion to file an amended answer which raised the affirmative defense of the statute of limitations. Appellant points out the court permitted appellee to amend its answer to include the affirmative defense of the statute of limitations nearly two years after the complaint was filed. Appellee responds the conduct of this case has been rendered unusually difficult because appellees had retained four different attorneys during the lengthy pendency of the case. Appellant's original complaint was filed on August 30, 1994, and appellees' answer on May 7, 1994. Appellees finally deposed the appellant on January 25, 1996. During the deposition, appellees' counsel asked when the alleged damage to the property occurred. Appellant testified his basement had been flooded four times, the first being in 1989 or 1990. Appellant first noticed cracks in his basement floor approximately one year after the first flooding. Appellees assert it was only at this point they learned of the time frame when the alleged tort occurred, and consequently, of the availability of the statute of limitations defense.
In Hoover v. Sumlin (1984), 12 Ohio St.3d 1, the Ohio Supreme Court held:
 1. A motion for leave to amend a pleading made pursuant to Civ.R. 15(A) should be granted "freely" when justice so requires. 2. The granting of a motion for a leave to amend a plea shall not be disturbed on appeal absent a showing of bad faith, undue delay or undue prejudice of the opposing party.
 Syllabus by the court.
In Hoover, a defendant attempted to raise the affirmative defense of the statute of limitations for the first time more than two years after the filing of the original complaint. The trial court struck the affirmative defense from the amended answer. The court of appeals reversed the trial court, finding the defendant should have been allowed to raise the statute of limitations issue. The Supreme Court found Civ.R. 8 and 12 require a party to raise an affirmative defense in his answer or pre-answer motion or it is deemed to be waived. Civ.R. 15 permits a litigant to amend his pleading and must be read in conjunction with Civ.R. 8. The Hoover court, citing its earlier opinion in Mills v.Whitehouse Trucking Company (1974), 40 Ohio St.2d 55, found a liberal amendment policy permits the maximum opportunity for claims to be decided on their merits rather than on procedural deficiencies. The Supreme Court found leave of court should be freely given to amend pleadings as justice requires. The Supreme Court also directed reviewing courts that to grant or deny leave is within the sound discretion of the trial court, and abuse of discretion is limited to situations where the defense is not tendered in good faith, or gives no reason for the delay. Hoover
at 5-6.
Here, it appears appellees have offered a reasonable explanation why they did not discover the availability of the statute of limitations defense until after they had deposed appellant.
The Supreme Court has frequently defined the term abuse of discretion as implying the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217 at 219. We find the trial court did not abuse its discretion when it permitted appellees to raise the statute of limitations defense.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court erred as a matter of law in finding appellees were immune from liability for money damages pursuant to R.C. 2744. Appellant's complaint alleged appellees failed to repair or replace a culvert, resulting in repeated flooding to appellant's property, and damages from the flooding.
Tort liability against a political subdivision can only be imposed pursuant to Chapter 2744 of the Revised Code. R.C. 2744.02
provides for two classifications of functions, governmental and proprietary. A political subdivision is not liable in damages in a civil action for either a governmental or proprietary function unless one of the five statutorily exceptions are met. The exceptions are:
 1. The negligent operation of any motor vehicle by an employee of the political subdivision when engaged within the scope of employment and authority.
 2. Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 3. Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts or public grounds within the political subdivisions open, in repair, and free from nuisance.
 4. Negligence by a government employee that causes injury to occur within or on the grounds of buildings used in connection with governmental functions.
 5. The liability that is expressly imposed upon the political subdivisions by the Ohio revised code including ORC 2743.02 and 5591.37. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue or be sued.
As the trial court very correctly pointed out, appellees are immune from liability for the allegations set forth in appellant's cause of action, regardless of whether the acts are considered governmental or proprietary functions. The court found clear legislative intent for a political subdivision to be immune from liability under the circumstances appellant alleged. We agree.
Further, R.C. 2744.03 provides immunity from liability for damages if the matter which gave rise to the claim was within the discretion of the employees of the political subdivision with respect to policy making, planning, or enforcement powers, or required the exercise of judgment or discretion.
Finally, there are three statutory exceptions whereby an employee of a subdivision may be liable for his acts. They include acts manifestly outside the scope of employment, acts performed with malicious purpose, and in bad faith, or wantonly or recklessly, or if liability is expressly imposed by another section of the Revised Code.
We have reviewed appellant's complaint, and the record, and we find the trial court correctly determined appellees were immune from liability under the circumstances which appellant alleged.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common of Ashland County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant.