OPINION
The plaintiffs/appellants, Barbara K. McGlone and Paul McGlone ("the plaintiffs"), appeal from a decision of the Crawford County Court of Common Pleas granting summary judgment in favor of the defendant/appellee, Eileen R. Spade ("the defendant"). For the reasons that follow, we affirm the decision of the trial court.
The pertinent facts and procedural history of this case are as follows. On January 18, 1995, Barbara McGlone was injured as a result of a pedestrian-vehicular collision in the employee parking lot of Geauga Plastics Company in Crestline, Ohio. The accident occurred at 11:00 p.m. while McGlone and Spade were leaving work. McGlone was on foot when she was struck by the van operated by Spade.
The plaintiffs filed a complaint on January 9, 1997 alleging negligent operation of a motor vehicle by the defendant. The defendant filed an answer on March 28, 1997 in which she admitted being involved in the accident but denied negligence. On April 16, 1998, the trial court set the case for jury trial on February 17, 1999.
On May 11, 1998, the defendant filed a motion to amend her answer to add an additional defense of immunity. The trial court granted the motion the same day. Ten days later, however, the entry was vacated to allow the plaintiffs thirty days to respond. The plaintiffs filed a memo contra the defendant's motion to amend the answer after thirty-nine days had passed. On November 20, 1998, the court granted the defendant's motion, in the interest of justice. The defendant filed her amended answer on December 8, 1998.
On December 21, 1998, the defendant filed a motion for summary judgment. The trial court issued a judgment entry denying the defendant's motion for summary judgment on August 17, 1999. The case was re-assigned for jury trial on March 8, 2000. On March 1, 2000, the trial court issued an amended judgment entry identical to the previous entry but for the addition of "no just reason for delay" language, apparently designed to permit the decision to be heard on appeal.
A notice of appeal was filed by the defendant on March 23, 2000. This Court dismissed the appeal sua sponte on the ground that "an order denying a motion for summary judgment does not provide final adjudication as to any one claim."[1]
On June 5, 2000, the defendant filed a motion asking the trial court to reconsider its judgment entry which denied her motion for summary judgment. The plaintiffs filed their reply on July 12. Attached to the plaintiffs' reply was a stipulation dated February 24, 2000, from the defendant's counsel stating:
 I have been authorized by Nationwide Mutual Insurance Company to agree and stipulate that the trial of this matter scheduled for March 8, 2000 will not be necessary and that the damages of Mrs. McGlone would exceed the $50,000 per person limit of Eileen Spade's Nationwide Coverage.
 In return, you and your clients agree and stipulate that the judgment entry of 8-17-99 denying Defendant's motion for summary judgment can be endorsed by the Court with the "no just reason for delay" language of Civ.R. 54(B).
On September 26, 2000, the trial court ruled in favor of the defendant and issued a judgment entry which began:
 In March the court did grant a Motion for Summary Judgment in this case. This Court found there were no questionable matters and that Motion should be granted as a matter of law.
We note here that the amended judgment entry of March 1, 2000 actually denied the defendant's motion for summary judgment. Nevertheless, the trial court revisited the issue pursuant to the defendant's motion to reconsider and granted the motion for summary judgment.
The plaintiffs filed their notice of appeal on October 20, 2000. This appeal too was dismissed sua sponte on November 6, 2000 because "although the trial court's judgment finds that the motion should be granted, there is no order dismissing the complaint and appellant's docketing statement reflects without explanation that all claims are not resolved."
The case was assigned for a status conference before the magistrate on June 4, 2001. The magistrate's order of June 5, 2001 granted leave for the parties to each file addenda, etc., in conjunction with the journal entry of this Court, so that the trial court could again review the original motion for summary judgment along with the filed pleadings related thereto. No pleadings were filed by either party.
On November 2, 2001, the trial court issued a new judgment entry which set aside and overruled the previous judgment entry. The trial court granted the defendant's motion for summary judgment and dismissed the plaintiffs' complaint with prejudice. The plaintiffs now appeal asserting the following three assignments of error.
 ASSIGNMENT OF ERROR NO. I The court erred in entering summary judgment for the defendant and dismissing the plaintiffs' actions with prejudice without providing notice pursuant to Civ.R. 41(B)(1).
The plaintiffs raise two arguments within their first assignment of error. First, the plaintiffs contend that the motion for reconsideration filed by the defendant was a nullity. Second, the plaintiffs assert that the trial court erred by dismissing their complaint with prejudice without notice to the parties.
The defendant filed a motion requesting the trial court to reconsider its amended judgment entry dated March 1, 2000, denying the defendant's motion for summary judgment. The plaintiffs contend that the Civil Rules do not provide for motions for reconsideration and, therefore, there is no procedure set for same. As a result, the plaintiffs claim, the trial court "revisited" sua sponte its denial of summary judgment without following the procedures required by Civ.R. 56.
While motions for reconsideration are not expressly or impliedly allowed in the trial court after a final judgment, interlocutory orders are subject to motions for reconsideration.[2] The denial of a motion for summary judgment is an interlocutory order.[3] Upon this subject, the Tenth District Court of Appeals has stated:
 If the trial court errs in overruling a motion for summary judgment, it is not necessary that that court wait until the judgment is reversed upon appeal, but, instead, the court may correct its error either upon a motion for reconsideration or upon a new motion for summary judgment predicated upon the same law and facts.[4]
Like the court in Maxey, the trial court in the present case reconsidered its previous decision and found error in denying summary judgment. The court was permitted to "revisit" the order that denied the defendant's motion for summary judgment. Because the order denying summary judgment was not a final judgment, we find no merit in the plaintiffs' assertion that the defendant's motion for reconsideration was a nullity.
We turn now to the question of notice, namely the plaintiffs' contention that the judgment entry of November 1, 2001 must be reversed because the trial court dismissed their complaint without notice. The plaintiffs assert that Civ.R. 41(B)(1) places a notice requirement upon all dismissals with prejudice.
Civ.R. 41 states, in pertinent part:
Involutary dismissal: effect thereof
 Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
The trial court's granting of the motion for summary judgment and dismissal of the plaintiffs' claims were not for failure to prosecute. A review of the record in this case finds a litany of briefings and motions filed on the part of the plaintiffs, as well as the defendants. Thus, Civ.R. 41(B) is inapplicable to the present case.
Furthermore, the plaintiffs were aware that a summary judgment had been entered against them in favor of the defendant. The plaintiffs counsel, together with the defendant's counsel, attended and participated in the June 4, 2001 conference with the Judge's Magistrate where the parties discussed how to properly invoke the jurisdiction of the appellate court. Following the conference, the parties had the opportunity to submit pleadings but chose not to. Given these facts, and with the plaintiffs' knowledge that summary judgment had already been entered against them, we find that the plaintiffs had knowledge that a dismissal was pending.
For the foregoing reasons, we overrule the plaintiffs' first assignment of error.
 ASSIGNMENT OF ERROR NO. II The court erred in failing to address the stipulation of February 24, 2000, and the plaintiffs' request for a declaration of their rights.
In their second assignment of error, the plaintiffs contend that the trial court erred in failing to address a stipulation between the parties and the plaintiffs' request for a declaration of their rights.
Following the trial court's entry of summary judgment for the plaintiffs on August 17, 1999 and with a jury trial scheduled for March 8, 2000, the defendant's counsel sent a letter on behalf of the defendant's insurance carrier, Nationwide Mutual Insurance Company ("Nationwide"), to plaintiffs' counsel stipulating an agreement by which to conclude the litigation. The February 24, 2000 letter ("the stipulation") states, in pertinent part, as follows:
 Nationwide has paid $16,048.90 to the Plaintiffs under the policy covering Eileen Spade. * * * I have been authorized by Nationwide Mutual Insurance Company to agree and stipulate that the trial of this matter scheduled for March 8, 2000 will not be necessary and that the damages of Mrs. McGlone would exceed the $50,000 per person limit of Eileen Spade's Nationwide coverage.
 In return, you and your clients agree and stipulate that the judgment entry of 8-17-99 denying Defendant's motion for summary judgment can be endorsed by the Court with the "no just reason for delay" language of Civ.R. 54(B).
 It is further agreed and stipulated if the ruling of the court on my motion for summary judgment is not reversed by the Court of Appeals, Nationwide will pay to Plaintiffs $33,951.10 in full settlement of all claims of the Plaintiffs against Nationwide, a non tortfeasor. It is further understood and agreed that Defendant/insured, Eileen Spade, is and shall be immune from personal liability and Plaintiffs shall hold her harmless.
On March 1, 2000, an amended judgment entry denying the defendant's motion for summary judgment was issued by the trial court containing the "no just reason for delay" language of Civ.R. 54(B). The defendant filed an appeal which was dismissed by this Court for the reason that a denial of a motion for summary judgment is an interlocutory order, not a final adjudication as to any one claim.[5] Apparently, this dismissal was an event unforeseen by the defendant.
The defendant then filed a motion for the trial court to reconsider its entry denying summary judgment. The plaintiffs responded with a reply to defendant's motion for reconsideration and an action for judgment declaration to which the plaintiffs attached the stipulation. On September 26, 2000, the trial court granted the defendant's motion for summary judgment without addressing the action for declaratory judgment or stipulation submitted by the plaintiffs.
The plaintiffs set forth three arguments. First, they assert that the issue of liability was disposed of by the defendant's stipulation which waived the trial on liability and damages. Second, the plaintiffs contend that, even if the defendant had a valid immunity claim, Nationwide could and should still be liable on the basis of its stipulation. Lastly, the plaintiffs maintain that even if Nationwide were found to have immunity, it is estopped from asserting immunity on the basis of its actions of paying the plaintiffs and promising them further payments.
While the plaintiffs' first two arguments are unsupported assertions, the plaintiffs cite Leader Natl. Ins. Co. v. Eaton[6] to bolster their third argument. In Leader, an insurance company sought a declaratory action that it was not liable to its insured for damages arising from an accident. The insurance company paid a claim against it before investigating and failing to reserve its rights to dispute the claim. The Eighth District stated:
 Payment of a claim of a person injured by an insured, with knowledge of a potential defense against coverage and without any reservation of rights, waives the defense.[7]
In the present case, Nationwide paid the plaintiffs $16,048.90 in 1995, the year of the accident, and promised them further payment for their damages. As in Leader, the plaintiffs claim that Nationwide should be considered to have waived any right to claim immunity because of the initial payment of $16,000.
Leader is not directly analogous to the present case. When Leader paid the claim it was aware of the circumstances concerning defenses against the coverage.[8] Nationwide, however, paid the claim two to three years before the defendant had knowledge of Barbara McGlone's worker's compensation claim.
The defendant asserts that Nationwide is not a party to this case and cites Lawreszuk v. Nationwide Insurance Co.[9] to support her argument that Nationwide is not liable unless she is found liable. The Ninth District wrote:
 In the absence of some judgment against the insured or the insured's representative, there is no legal liability to pay. The insurance company's liability is only derivative. It is only liable if the alleged tortfeasor has been found liable.
 While an injured party has a "substantial" right on the tortfeasor's policy from the time of injury, that right is not vested until a judgment against the tortfeasor is secured. The injured party is not a third party beneficiary of the insurance contract. The injured plaintiff has no statutory or common law right to recover directly on the insurance contract.[10]
In the present case, although the trial court neglected to address the stipulation in its March 1, 2000 judgment entry, the trial court did tackle this point in its November 2, 2001 judgment entry. The trial court, following Lawreszuk, stated that "before damages have to be paid by the insurance company the insured has to be found liable for said damages." The defendant's motion for summary judgment was granted. Accordingly, neither the defendant nor her insurer is liable to the plaintiffs, nor is the insurer liable on the stipulation.
Therefore, the plaintiffs' second assignment of error is without merit.
 ASSIGNMENT OF ERROR NO. III The court abused its discretion in granting the defendant's motion to amend its answer to add the affirmative defense of fellow employee immunity.
For her final assignment of error, the plaintiffs assert that the trial court abused its discretion in granting the defendant's motion to amend her answer.
Civ.R. 15(A) permits a party to amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." The trial court has the discretion to determine whether to grant a motion for leave to amend a pleading.[11] A trial court will not be found to have abused its discretion unless it is found that the court's attitude is unreasonable, arbitrary, or unconscionable.[12] While Civ.R. 15(A) permits liberal amendment, motions to amend pleadings should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party.[13]
The trial court's May 29, 1997 pre-trial order required the amendment of pleadings to be completed by January 2, 1998. On April 16, 1998, the case was set for trial on February 17, 1999. The defendant filed a motion for leave to amend her answer on May 11, 1998, after depositions were taken of the parties.
The plaintiffs compare the present case with Turner where the Supreme Court of Ohio determined that the defendant's motion to amend was filed after a trial date was set and two years and ten months after the litigation had commenced.[14] The Court found the trial court abused its discretion in allowing a prejudicial and untimely filing.[15]
 Turner, however, contrasts with the present case in a key respect. InTurner, the defendant filed a motion for summary judgment before amending its answer with an affirmative defense, and said summary judgment was appealed all the way to the Ohio Supreme Court.[16] The defendant then filed a motion to amend which did not give a rationale or any explanation for its failure to assert the affirmative defense in its answer to the original complaint, an obvious defense that in all likelihood would have terminated the litigation in the first instance.[17] For these reasons, the Court found that the trial court abused its discretion in allowing the filing.[18]
Here, the defendant clearly stated her reason for filing the motion for leave to file an amended answer. In her motion, she stated that on March 24, 1998, the depositions of the parties were taken at which time Mrs. McGlone testified that she had filed a workers' compensation claim and that it had been allowed. R.C. 4123.741 allows fellow employees immunity from suit for injuries found compensable under Ohio workers' compensation law. The defendant moved to amend soon after her counsel had deposed Mrs. McGlone and had a record of the facts surrounding the case. The trial was ten months away, and, unlike Turner, the defendant did not test the court with a motion for summary judgment while retaining a back-up defense in her pocket.
Presented with a similar case, the Supreme Court of Ohio in Hoover v.Sumlin wrote:
 Although the grant or denial of such leave is within the sound discretion of the trial court, where the defense is tendered timely and in good faith, and no reason is apparent or disclosed for denying leave, the denial of leave to file such an amended pleading or the subsequent striking of a defense from an amended pleading is an abuse of discretion.[19]
As in Hoover, we find that the plaintiffs "were not prejudiced by the addition of the [afffirmative] defense as they faced no obstacles by the amendment which they would not have faced had the original pleading raised the defense."[20] Nor do we believe that there was a complete lack of rationale for the defendant's failure to assert the defense earlier, as suggested by the plaintiffs. The trial court did not abuse its discretion in granting the defendant's motion for leave to file an amended answer. Accordingly, we overrule the plaintiffs' third assignment of error.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] Citing State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, and Celebrezze v. Netzley (1990), 51 Ohio St.3d 89.
[2] Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378, footnote one.
[3] Stevens v. Ackman (2001), 91 Ohio St.3d 182, 2001-Ohio-249.
[4] Maxey v. Lenigar (1984), 14 Ohio App.3d 458, 459.
[5] Walinski, supra.
[6] (1997), 119 Ohio App.3d 688.
[7] Id. at 692.
[8] Id.
[9] (1977), 59 Ohio App.2d 111.
[10] Id. (citations omitted.)
[11] Turner v. Cent. Local School (1999), 85 Ohio St.3d 95, 99.
[12] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[13] Turner, supra.
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] Id.
[19] Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 5-6.
[20] Id. at 6.