{¶ 1} For the reasons that follow, I dissent from the majority opinion which concludes that the trial court did not err in denying appellants' motion for leave to amend their complaint.
{¶ 2} Two years after filing the instant cause, appellants sought leave to amend their complaint to replace the Cafaro Company with Marion Plaza as the named defendant on the basis that "[appellants] have just learned through sworn testimony submitted that the aforesaid `The Marion Plaza, Inc.' owned and operated * * * the Eastwood Mall on June 11, 1998, * * * and that justice requires that [appellants] be given anopportunity to correct the defect in the original complaint." (Emphasis added.)
{¶ 3} Pursuant to Civ.R. 15(A), a liberal policy is favored when a trial court is confronted with a motion to amend a pleading beyond the time limit when such amendments are automatically allowed. As stated by the Supreme Court of Ohio:
 {¶ 4} "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied `to effect just results.' Pleadings are simply an end to that objective. The mandate of Civ.R. 15(A) as to amendments requiring leave of court, is that leave `shall be freely given when justice so requires.' Although the grant or denial of leave to amend a pleading is discretionary, where it is possible that the plaintiff, by an amended complaint, may set forth a claim upon which relief can be granted, and it is tendered timely and in good faith and no reason is apparent or disclosed for denying leave, the denial of leave to file such amended complaint is an abuse of discretion."[6]
{¶ 5} "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party."[7]
{¶ 6} With the foregoing in mind, I believe that this case warrants the application of the general recommendation in Civ.R. 15(A) that "[l]eave of court [to amend] shall be freely given when justice so requires." The reason for this is twofold. First, there has been no showing of bad faith or undue delay on the part of appellants in bringing their motion for leave to amend their complaint. Second, the Cafaro Company would not be unduly prejudiced if appellants were permitted to amend their complaint. At most, appellants' motion was untimely. However, "[t]ime alone is generally an insufficient reason for the court to deny leave to amend; the primary consideration is whether there is actual prejudice to the defendants because of the delay."[8]
{¶ 7} Therefore, I disagree with the majority's analysis concerning the denial of appellants' motion for leave to amend their complaint. Instead, I would hold that the trial court's refusal to grant this motion rises to the level necessary to constitute an abuse of discretion. As such, the issue of whether the trial court properly granted the Cafaro Company's motion for summary judgment is rendered moot.
[6] Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175. See, also,Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 121-122.
[7] Turner v. Cent. Local School Dist. (1999), 85 Ohio St.3d 95, 99, citing Hoover v. Sumlin (1984), 12 Ohio St.3d 1, paragraph two of the syllabus.
[8] Schweizer v. Riverside Methodist Hospitals (1996),108 Ohio App.3d 539, 546.