This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Velvet Grable Meadows, appellant, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On September 28, 2000 and June 18, 2001, Andrea Hicks filed a complaint and an amended complaint against Ms. Meadows, Industrial Machine Transport, Inc., M M Leasing, Inc., and Jerry D. Meadows, dba J.D.M. Transport. On March 28, 2001, Ms. Meadows filed a counter-claim. As pertinent to the present appeal, in her complaint Ms. Hicks asserted that she and Ms. Meadows were the sole owners of a parcel of real property for which she sought partition.
{¶ 3} The matter was transferred to a magistrate. On January 14, 2002, a bench trial was held, and, on January 31, 2002, the magistrate entered judgment on the issues. Ms. Meadows and Ms. Hicks each filed objections to the magistrate's decision. Ms. Meadows also filed a motion to dismiss Ms. Hicks' complaint as it related to the claim for partition, while Ms. Hicks filed a motion to dismiss Ms. Meadows' objections to the magistrate's decision. On August 7, 2002, the trial court denied the motions to dismiss and entered judgment. This appeal followed.
{¶ 4} Ms. Meadows raises one assignment of error:
{¶ 5} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE PARTITION ACTION AS PLAINTIFF LACKED STANDING TO SUE."
{¶ 6} In her assignment of error, Ms. Meadows asserts that it was error to deny her motion to dismiss Ms. Hicks' complaint as it related to the claim for partition based on Ms. Hicks' alleged lack of standing. We disagree.
{¶ 7} When an appellate court is presented with a question of law, it applies a de novo standard of review. Cleveland Elec. Illum. Co.v. Pub. Util. Comm. (1996), 76 Ohio St.3d 521, 523. The issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented. Tiemann v. Univ. of Cincinnati
(1998), 127 Ohio App.3d 312, 325. "Standing" concerns the question of whether a plaintiff can show an injury traceable to the conduct of the defendant. Country Club Townhouses — North Condominium Unit OwnersAssn. v. Slates (Jan. 24, 1996), 9th Dist. No. 17299. A plaintiff must have a personal stake in the matter; the plaintiff's injury cannot be merely speculative but must be palpable and, also, must be an injury to himself personally or to a class. Tiemann, 127 Ohio App.3d at 325.
{¶ 8} In the present case, in her objections to the magistrate's decision and her motion to dismiss, Ms. Meadows asserted that the magistrate erred in not dismissing Ms. Hicks' complaint. In Ms. Hicks' complaint, and Ms. Meadows' answer to the complaint, both parties agreed that Ms. Hicks' husband, Douglas Hicks, and Connie Smart each originally held an undivided one-half interest in the contested parcel of real property. Both also agreed that Ms. Hicks inherited her interest from her husband, while Ms. Smart sold her interest to Ms. Meadows. At the January 14, 2002 magistrate's hearing, Ms. Meadows asserted that Ms. Hicks did not have standing because Ms. Meadows was the holder of an unsatisfied cognovit note.
{¶ 9} Ms. Meadows did not contest the fact that she had bought an undivided one-half interest in the property while Ms. Hicks inherited an undivided one-half interest but, rather, stated that Mr. Hicks had executed a mortgage deed granting Ms. Smart his interest in the property, subject to the satisfaction of a cognovit note. Further, Ms. Meadows stated that she took the property from Ms. Smart through a quitclaim deed. Finally, she asserted that there was no proof that the cognovit note between Mr. Hicks and Ms. Smart had been satisfied. Consequently, as the holder of the cognovit note, Ms. Meadows argued that she was the sole owner of the property and Ms. Hicks lacked standing to assert her claim for partition.
{¶ 10} At the January 14, 2002 hearing, the magistrate denied the motion to dismiss, stating that this was a partition action, not an action to make a claim upon the cognovit note. The magistrate noted that currently the property was in both the names of Ms. Hicks and Ms. Meadows and that, if Ms. Meadows had a valid mortgage against the property, she would need to file a separate action to satisfy such mortgage. The trial court found that the magistrate did not err in denying the motion to dismiss and denied Ms. Meadows' motion to dismiss the complaint based upon the alleged lack of standing. We affirm the trial court decision, albeit for other reasons than expressed by the tribunal.
{¶ 11} Ms. Meadows' motions to dismiss before the magistrate and trial court relied on the conclusion that Ms. Hicks lacked standing to sue for partition and that, consequently, the court lacked jurisdiction to consider the partition. However, as previously stated, standing concerns whether a litigant has a personal stake in the matter and whether the litigant can show an injury. Id. Ms. Meadows' assertions regarding the cognovit note did not involve standing concerns. She did not contest the fact that the property was presently in the name of both herself and Ms. Hicks, each owners of an undivided one-half interest. Rather, she asserted that she held a cognovit note which entitled her to be recognized as the sole owner of the property. Without determining whether Ms. Meadows did in fact have a valid cognovit note, this court notes that, with regard to the cognovit note, Ms. Meadows did not file a complaint to enforce the cognovit note nor did a trial court enter judgment in favor of Ms. Meadows on the cognovit note. See, generally,Sunset Land Partnership v. Trowsdell, 9th Dist. No. 20895,2002-Ohio-4152, at ¶ 2; see, also, generally, State v. McKenney (May 31, 2001), 8th Dist. No. 79033 (noting that while the maker of a cognovit note waives the right to a court trial, the holder of the note must file a complaint to obtain judgment). Ms. Meadows has confused the issue of standing with her actual argument: that she is the holder of a valid cognovit note.
{¶ 12} It appears that Ms. Meadows may also be asserting that the trial court erred in affirming the magistrate's denial of her oral Civ.R. 15(A) motion to amend the pleadings. Specifically, she seems to be arguing that she should have been able to amend the pleadings to address her lack of standing argument because the issue of standing is a fundamental concept that should have been addressed. "`The decision whether to grant a motion for leave to amend a pleading under Civ.R. 15(A) is within the discretion of the trial court.'" RPM, Inc. v. OateyCo., 9th Dist. No. 3282-M 3289-M, 2003-Ohio-367, at ¶ 24, quoting Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 6. As we have already determined that the trial court did not err in overruling her objections to the magistrate's decision and in denying her motion to dismiss for lack of standing because her argument did not invoke standing issues, we cannot say that the court erred. As her assertions were not arguments properly raising a lack of standing but, rather, involved the argument that she was the holder of a valid cognovit note, we cannot agree that the trial court's decision regarding standing was an abuse of discretion.
{¶ 13} Ms. Meadows' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY P.J. and WHITMORE, J. CONCUR