DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the City of Wadsworth ("the City"), appeals the decision of the Wayne County Court of Common Pleas, which overruled its objections to the magistrate's decision and dismissed its second amended appropriation petition. This Court reverses.
 I. {¶ 2} On August 1, 2005, the City filed a petition to appropriate property for two permanent water transmission line easements across property owned by the appellees, Alberta Mae Ross and Stephanie Kames. The appropriation had been approved by Resolution 04-22 and Resolution 04-06. Thereafter, appellees *Page 2 
brought it to the City's and the trial court's attention that the legal description attached to Resolution 04-22 included a small strip of property that they no longer owned.[1] The City sought and was granted leave to file an amended petition which was filed on June 5, 2006. However, the amended petition also contained an incorrect description of the land to be appropriated pursuant to Resolution 04-22. On June 21, 2006, appellees filed a motion to dismiss the amended petition in its entirety. On August 7, 2006, a proposed decision was issued by the magistrate recommending that appellees' motion to dismiss be granted. The City filed objections to the magistrate's decision and appellees responded. On August 21, 2006, the City also filed a motion for leave to file a second amended complaint instanter. In an entry dated November 17, 2006, the trial court overruled the City's objections and dismissed its amended petition.
 {¶ 3} The City timely appealed the trial court's decision, setting forth two assignments of error for review. This Court addresses the second assignment of error first as it is dispositive of the appeal.
 II ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR LEAVE TO FILE A SECOND AMENDED PETITION." *Page 3 
 {¶ 4} In its second assignment of error, the City argues that the trial court erred in overruling its motion to file a second amended petition. This Court agrees.
 {¶ 5} In its objections to the magistrate's decision, the City argued that the trial court erred when it failed to address its motion to file a second amended petition and dismissed its first amended petition in its entirety when Resolution 04-06 and its concomitant legal description was accurate.
 {¶ 6} The decision of whether to allow the amendment of a pleading pursuant to Civ.R. 15(A) is within the sound discretion of the trial court. L.E. Sommer Kidron, Inc. v. Kohler, 9th Dist. No. 06CA0044,2007-Ohio-885, at ¶ 55. "`[T]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party.'" Id. at ¶ 35, quoting Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 6.
 {¶ 7} At issue in the present appeal are R.C. 163.05(A) and (B), which provide:
 "An agency which has met the requirements of section 163.04 of the Revised Code, may commence proceedings in a proper court by filing a petition for appropriation of each parcel or contiguous parcels in a single common ownership, or interest or right therein. The petition of a private agency shall be verified as in a civil action and all petitions shall contain:
 "(A) A description of each parcel of land or interest or right therein sought to be appropriated, such as will permit ready identification of the land involved; *Page 4 
 "(B) In the case of a private agency, a statement that such appropriation is necessary, and, in the case of a public agency, a copy of the resolution of the public agency to appropriate[.]"
 {¶ 8} Based on the above, the trial court overruled the City's objections and dismissed its amended complaint. The City's amended petition contained an edited copy of Resolution 04-22 which had not been approved by the City. Therefore, the trial court concluded that the City had not complied with R.C. 163.05(B) and that a dismissal pursuant to Civ.R. 12(B)(6) was appropriate.
 {¶ 9} In the present matter, the original petition contained a legal description that included property that Ms. Ross and Ms. Kames no longer owned. The amended petition and Resolution 04-22 did not comply with R.C. 163.05(B) because the resolution remained unchanged and merely altered the legal description of the property. There is no evidence that the City passed a resolution approving these alterations. The second amended petition which the City sought leave to file was accompanied by Resolution 06-10, which was passed and approved by the City on August 1, 2006. This new resolution authorized an appropriation and properly identified the property at issue.
 {¶ 10} Ms. Ross and Ms. Kames have failed to show any bad faith or undue delay on the part of the City or that they would suffer undue prejudice if the City were allowed to file a second amended petition. Since the filing of the first petition, the parties have been aware of the land that the City seeks to appropriate. *Page 5 
The City merely attempted to amend its pleading to conform with the requirements of R.C. 163.05.
 {¶ 11} Furthermore, this Court notes that Resolution No. 04-06 and its attendant legal description were accurate in both the original and amended petitions. Therefore, the trial court erred in dismissing the City's petition in its entirety.
 {¶ 12} This Court finds that the trial court erred in overruling the City's objections and dismissing the City's amended petition. The City's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DISMISSING THE AMENDED COMPLAINT OF [THE] CITY OF WADSWORTH."
 {¶ 13} In its first assignment of error, the City argues that the trial court erred by dismissing its amended complaint. Our resolution of the City's second assignment of error renders this argument moot. Therefore, we decline to address it. See App.R. 12 (A)(1)(c).
 III. {¶ l4} The City's second assignment of error is sustained. The first assignment of error is rendered moot. The judgment of the Wayne County Court of Common Pleas is reversed and the caused remanded for proceedings consistent with this decision. *Page 6 
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
WHITMORE, P. J. CONCURS
[1] No one disputed the accuracy of the description attached to Resolution 04-06. *Page 7