OPINION
{¶ 1} On July 24, 2007, appellees, Kimberly and Robert Rossetti, filed a complaint against appellant, OM Financial Life Insurance Company, and defendants, The American Classic Insurance Agency and Karen Fowls. Appellees sought to recover total disability income benefits for Robert Rossetti under an insurance policy issued by appellant.
 {¶ 2} On September 21, 2007, appellant filed an answer. On November 16, 2007, appellant filed a motion for leave to file an amended answer to include a copy of the insurance policy at issue and the affirmative defense of binding arbitration. By judgment entry filed April 9, 2008, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT OM FINANCIAL LIFE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE AMENDED ANSWER."
 II {¶ 5} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT OM FINANCIAL LIFE INSURANCE COMPANY'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION."
 I {¶ 6} Appellant claims the trial court erred in denying its motion for leave to amend its answer. We agree. *Page 3 
 {¶ 7} Civ. R. 15 governs amendments to pleadings. Subsection (A) states the following:
 {¶ 8} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."
 {¶ 9} Appellant sought to amend its answer to include a copy of the subject policy and the affirmative defense of binding arbitration [Civ. R. 8(C)]. Appellant filed its answer on September 21, 2007. A pretrial conference call was held on November 6, 2007, and discovery orders and a jury trial were set via a case management order filed on November 7, 2007. A jury trial date was set for June 16, 2008. Appellant's motion for leave to amend its answer was filed on November 19, 2007.
 {¶ 10} Although the granting of leave is within the trial court's sound discretion, Civ. R. 15 specifically states such leave shall be freely given when justice so requires. For the following reasons, we find the trial court erred in denying the requested leave to amend. The complaint filed on July 24, 2007 did not include a copy of the insurance contract upon which the claims were predicated. A very short amount of time had passed between the filing of the answer and the filing of the motion for leave to amend *Page 4 
(59 days). The jury trial was set for June 16, 2008. There would have been no substantial delay in the trial by permitting the amendment some twelve days after the trial date had been set, and there would have been no need to continue the trial date.
 {¶ 11} Although it is correct in theory that appellant had the superior position and knowledge of what its insurance contract contained, we are all aware that in the real world, out-of-state clients and in-state counsel may not have the same knowledge. In Hoover v.Sumlin (1984), 12 Ohio St.3d 1, 6, the Supreme Court of Ohio stated the following:
 {¶ 12} "As we stated above, the decision whether to grant a motion for leave to amend a pleading under Civ. R. 15(A) is within the discretion of the trial court. However, the language of Civ. R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party."
 {¶ 13} In reviewing the issue of granting leave, the Hoover court at 6 determined plaintiffs "were not prejudiced by the addition of the statute of limitations defense as they faced no obstacles by the amendment which they would not have faced had the original pleading raised the defense." Furthermore, the Hoover court at 7 found absent an "aura of bad faith," there would be no undue prejudice to the plaintiffs in amending the answer to include the affirmative defense.
 {¶ 14} We find our analysis sub judice mirrors the analysis inHoover. A very short period of time had lapsed from answer to leave to amend, no unforeseen obstacles would have been presented that could not already had been presented via the insurance contract, and no undue prejudice would have inured to appellees. *Page 5 
 {¶ 15} Upon review, we find the trial court erred in denying appellant's motion for leave to amend its answer.
 {¶ 16} Assignment of Error I is granted.
 II {¶ 17} Given our decision in Assignment of Error I, we find this assignment to be moot. Once the amended answer is filed, the trial court can then proceed to determine if the claims raised by the complaint are governed by any arbitration clause.
 {¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
 Farmer, J., Gwin, P.J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1