[Cite as *J.M. v. A.M.*, 2016-Ohio-1261.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| [J.M.] | : | |
| | : | Appellate Case No. 2015-CA-92 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 14-JUV-332 |
| v. | : | |
| | : | (Juvenile Appeal from |
| [A.M.] | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2016.

. . . . . . . . . .

ERIC M. SOMMER, Atty. Reg. No. 0066363, 8 North Limestone Street, Suite B, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellant

A.M.
      Defendant-Appellee, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant J.M. appeals from a decision of the Clark County Juvenile Court dismissing his action for shared parenting and visitation. He contends that the juvenile court erred in determining that it lacked jurisdiction to determine his claims. For

the reasons set forth below, we Affirm.

## I. The Parties' Relationships

{¶ 2} J.M. and A.M. were married in 2008. In May 2010, the parties became foster parents to two children who were in the custody of the State following an adjudication that they were neglected and dependent children. The parties were divorced on January 5, 2012. The children remained with A.M. On July 23, 2012, A.M. adopted both of the children in the Franklin County Juvenile Court.

## II. The Course of Proceedings

{¶ 3} J.M. filed a Complaint in the Clark County Court of Common Pleas, Juvenile Section, seeking visitation with the children. In his complaint J.M. alleges that, following the adoption, both parties continued to act as parents to the children, and that the children identify him as their father. He further alleges that even after the adoption, the children continue to spend one day per week, and alternate weekends, with him. He also alleges that he contributes financial support for the children. Finally, he alleges that A.M. has been unilaterally reducing his access to the children.

{¶ 4} The magistrate, noting that J.M. was not a parent, ordered the parties to brief the issue of visitation rights for non-relatives. J.M. filed a brief in which he claimed that A.M. had relinquished sole custody. A.M. filed a brief in which she disputed J.M.'s claims and alleged that J.M. had no contact with the children, and that she has not relinquished her right of sole custody to the children. She also argued that the juvenile court had no jurisdiction to decide a claim for visitation only. J.M. filed a reply brief seeking a hearing on the questions of fact raised in the parties' pleadings.

{¶ 5} Thereafter, the magistrate entered a decision finding that it had no jurisdiction

over the issue of visitation. The magistrate also raised the question of the effect the adoption had on J.M.'s claim. J.M. filed objections thereto, and also moved to amend his complaint to include a claim for shared parenting. The juvenile court ordered the parties to brief the question of jurisdiction and to address the effect of the adoption on that jurisdiction. J.M. thereafter requested a hearing.

{¶ 6} A.M. moved to dismiss J.M.'s claims. She argued that pursuant to R.C. 2151.417, the Franklin County Juvenile Court had ongoing jurisdiction over the children, and that J.M. improperly filed his complaint in Clark County.

{¶ 7} In October 2015, the juvenile court dismissed the action, finding that it lacked jurisdiction over the matter because the adoption of the children extinguished any claim J.M. may have had to the children.[1] J.M. appeals.

### III. We Have Appellate Jurisdiction

{¶ 8} Initially we note that following the filing of appellate briefs, A.M., who is proceeding *pro se* in this appeal, has moved to dismiss this appeal, based upon her claim that she and the children have resided outside of Ohio for more than six months. She cites the Uniform Child Custody Jurisdiction and Enforcement Act, codified at R.C. Chapter 3127, as support for dismissal.

{¶ 9} A.M.'s pleading raises a question of whether the juvenile court has jurisdiction in this matter, not whether we have appellate jurisdiction, under R.C. 2505.02, to review the order of the trial court.[2] Furthermore, there is no competent evidence in

---

[1] Although the juvenile court did not issue an express ruling on the motion to amend, we conclude that it implicitly granted the motion, since it ultimately ruled on the request for shared parenting contained within the motion to amend.

[2] Had the trial court granted J.M. relief, for example, A.M. would presumably have invoked our appellate jurisdiction to review that order, contending that the trial court

our record to indicate that A.M. and the children are not subject to Ohio jurisdiction. Finally, pursuant to R.C. 3127.15(A)(1), Ohio courts have jurisdiction when the child has resided in the state at the time of, or six months prior to, the commencement of the action. Again, there is no evidence in our record to indicate that A.M. and the children were residing out of state at the time this action was commenced. Accordingly, we conclude that A.M.'s motion to dismiss, filed January 7, 2016, lacks merit, and it is hereby overruled.

## IV. The Trial Court Lacked Subject-matter
## Jurisdiction over this Cause of Action

{¶ 10} J.M.'s sole assignment of error states as follows:

A TRIAL COURT ERRS WHEN IT DENIES PARENTING RIGHTS IN A NON-TRADITIONAL FAMILY CASE, WITHOUT AN EVIDENTIARY HEARING, WHEN A PARENT-CHILD RELATIONSHIP WAS IN EXISTENCE SUBSEQUENT TO AN ADOPTION.

{¶ 11} J.M. contends that the juvenile court erred by dismissing the action without conducting a hearing on his complaint for visitation and his amended complaint for shared parenting of the children.

{¶ 12} J.M. originally asked solely for visitation. A juvenile court does not have jurisdiction under R.C. 2151.23(A)(2) to grant a request for visitation only.[3] *In re Gibson*, 61 Ohio St.3d 168, 172, 573 N.E.2d 1074 (1991). Thus, there is no error in the magistrate's decision to dismiss the complaint for visitation.

---

lacked jurisdiction in the matter.

[3] A juvenile court does, however, have jurisdiction to issue temporary visitation orders during the pendency of a custody case within its jurisdiction under R.C. 2151.23. *Rowell v. Smith*, 10th Dist. Franklin No. 12AP-802, 2013-Ohio-2216, ¶ 57.

{¶ 13} However, as noted above, J.M. filed a motion to amend, in which he asserted a claim for shared parenting with an attendant interim order for visitation. Thus, we must address whether the juvenile court had jurisdiction to determine the action for shared parenting.

{¶ 14} A juvenile court may exercise jurisdiction only if it is expressly granted the authority to do so by statute. *Gibson* at p. 172. "Under Ohio law, child custody disputes fall within the coverage of either R.C. 3109.04 or R.C. 2151.23." *In re Jones*, 2d Dist. Miami No. 2000 CA 56, 2002 WL940195, *3 (May 10, 2002). "* * * R.C. 2151.23(A)(2) gives juvenile courts exclusive jurisdiction 'to determine the custody of any child not a ward of another court of this state[.]' " *Id.* The statute gives the juvenile court jurisdiction to determine custody actions between a parent and a non-parent. *See In re Perales*, 52 Ohio St.2d 89, 369 N.E.2d 1047 (1977).

{¶ 15} The difficulty with J.M.'s motion to amend is that it makes a request for shared parenting, not custody. Shared parenting is governed by R.C. 3109.04(A)(2). That statute uses only the word "parent" in the context of a shared parenting agreement. *In re Bonfield*, 97 Ohio St.3d 387, 2002-Ohio-6660, 780 N.E.2d 241, ¶ 23. "The General Assembly could have provided juvenile courts with the authority to allocate parental rights and responsibilities not only to parents but also to guardians, custodians, and others who stand in loco parentis. That the statute refers to 'parent' reflects legislative intent to exclude from the benefits of R.C. 3109.04 guardians or custodians in loco parentis." *Id.* "Since there is no definition of 'parent' in R.C. 3109.04, it is appropriate to search related sections of the Revised Code for a definition. A plain reading of R.C. 3111.01 indicates that there are three ways a 'parent and child relationship' can be established: by natural

parenthood, by adoption, or by other legal means in the Revised Code that confer or impose rights, privileges, and duties upon certain individuals." *Id.*, ¶ 28. Here, J.M. does not fall into any category establishing parenthood. Thus, the juvenile court lacked subject-matter jurisdiction over the claims raised.

{¶ 16} We are cognizant of the fact that the court in *Bonfield* converted the petitioners' request for shared parenting into a claim for shared custody. *Id.*, at ¶ 36. However, the court specifically noted that the petitioners' appellate brief had repeatedly made references to "custody," with a request to recognize that they are "equal custodial parents." *Id.* Likewise, the petitioners asked the trial court to grant the "the legal status of co-custodians [of] the children." *Id.* Thus, the Supreme Court found it appropriate to consider the case in the context of a claim for shared custody. J.M.'s pleadings in the juvenile court, as well as his appellate brief, contain no such references. Furthermore, *Bonfield* involved two petitioners, a natural mother and her same-sex partner, who were in agreement on the issue. Here, there is no such agreement.

{¶ 17} Finally, we note that A.M. contends the Clark County Juvenile Court lacks jurisdiction because the children were adjudicated dependent in the Franklin County Juvenile Court, which, A.M. argues, retains jurisdiction over all subsequent custody and visitation matters. R.C. 2151.417(B) states "if a court issues a dispositional order pursuant to section 2151.353, 2151.414, or 2151.415 of the Revised Code, the court has continuing jurisdiction over the child as set forth in division (F)(1) of section 2151.353 of the Revised Code." However, R.C. 2151.353(F)(1) does not require the court to retain jurisdiction over a child who has been adopted following the court's dispositional orders. Instead, the statute provides that the court *may* retain such jurisdiction. There is

evidence in this record that the Franklin County Juvenile Court did not exercise its option to retain jurisdiction.   Therefore, this argument lacks merit.

**{¶ 18}** We conclude that the juvenile court lacked jurisdiction, albeit for reasons other than those stated by the court, to entertain J.M.'s complaint for shared parenting. Accordingly, the sole assignment of error is overruled.

## V. Conclusion

**{¶ 19}** J.M.'s sole assignment of error having been overruled, the judgment of the juvenile court is Affirmed.

. . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Eric M. Sommer
A.M.
Hon. Thomas J. Capper