[Cite as *Henricksen v. Henricksen*, 2017-Ohio-9050.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| EUNICEE R. HENRICKSEN, | ) | CASE NO. 17 MA 0044 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ROBERT J. HENRICKSEN et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 15 CV 3038

JUDGMENT:    Affirmed in part; Reversed in part and Remanded.

APPEARANCES:

For Plaintiff-Appellant:    Atty. David L. Engler
181 Elm Road, N.E.
Warren, Ohio 44483

For Defendants-Appellees:    Atty. Lynn Sfara Bruno
Company, LPA, Inc.
Atty. Lynn Sfara Bruno
Atty. Charles A.J. Strader
412 Boardman-Canfield Road
Youngstown, Ohio 44512

Atty Ronald D. Yarwood
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  December 12, 2017

ROBB, P.J.

{¶1} Plaintiff-Appellant Eunicee R. Henricksen appeals the decision of Mahoning County Common Pleas Court granting Defendants-Appellees Robert Henricksen, Tim Henricksen, and Geri Henricksen's motions for summary judgment. Three assignments of error are raised in this appeal. The first issue is whether the defense of settlement should have been struck because it was not plead in the answer. The second issue is whether the settlement agreement applies to the claims raised in this case. The third issue is whether the settlement agreement was proper summary judgment evidence.

{¶2} For the reasons expressed below, the trial court's grant of summary judgment for Appellees Tim and Geri is affirmed; pertaining to Appellees Tim and Geri, all three assignments of error lack merit. As to Appellee Robert, the first and third assignments of error lack merit; however, the second assignment is meritorious. The settlement agreement only resolved the known and unknown claims asserted by and against Appellees Tim and Geri; it did not settle the known and unknown claims against Appellee Robert. Thus, the trial court's grant of summary judgment for Appellee Robert is reversed and the matter is remanded for further proceedings.

Statement of the Facts and Case

{¶3} On November 20, 2015 Appellant Eunicee filed a complaint against Appellees Robert, Tim, and Geri. At the time of the complaint Appellee Robert and Appellant Eunicee were married; Appellant Eunicee filed for divorce five months prior to the filing of the complaint, but the divorce was not finalized until 2016. Appellees Tim and Geri are Robert's parents and were named as third-party defendants in the divorce action filed by Appellant.

{¶4} The first count of the complaint alleged the intentional tort of assault against Appellee Robert. The basis for the count is a domestic violence incident that occurred on November 20, 2014 between Appellant Eunicee and Appellee Robert; Appellant suffered a broken nose, and several facial bruises and contusions. In October 2015, Appellee Robert was convicted of attempted aggravated assault.

{¶5} The second count of the complaint was labeled "Retaliatory Eviction and Interference with a Witness." This claim was against Appellees Tim and Geri. Appellant Eunicee and Appellee Robert resided at 2724 Bears Den Road, Youngstown, Ohio; the house was owned by Appellees Tim and Geri. Allegedly a few days after the assault, Appellees Tim and Geri told Appellant to pack her belongings and leave the residence. When Appellant did not comply, Appellees filed an eviction action in Youngstown Municipal Court and formally evicted Appellant in October 2015. This occurred during the pendency of the criminal case against Appellee Robert. Appellant alleges Appellees Tim and Geri evicted her during the criminal case to "knowingly influence or attempt to influence her cooperation or lack of cooperation during the prosecution of son's felony." 11/20/15 Complaint.

{¶6} The third count of the complaint alleged intentional infliction of emotional distress against all Appellees. The alleged emotional distress was caused by the assault and eviction.

{¶7} Appellant sought compensatory damages in excess of $25,000 and punitive damages in the amount of $100,000.

{¶8} In response to the complaint, Appellees Tim and Geri filed an answer and counterclaim. In their answer they pled affirmative defenses and reserved the right to rely on other defenses as they became available at law or through the discovery process. In their counterclaim, they asserted Appellant Eunicee and Appellee Robert rented the property from them and had not paid rent in two years. Thus, they asked Eunicee and Robert to leave so they could sell the house. Robert complied with the request; Eunicee did not. Thus, Tim and Geri filed an action in Youngstown Municipal Court to formally evict her. In the counterclaim, they sought back rent and restitution for damages Appellant Eunicee caused to the property. They sought damages in the amount of $25,000. 2/18/16 Answer and Counterclaim.

{¶9} Appellee Robert filed an answer and also reserved the right to raise additional affirmative defenses as they became available. 2/29/16 Robert Answer.

{¶10} In November 2016, both Appellee Robert and Appellees Tim and Geri filed motions for summary judgment. 11/10/16 Tim and Geri Motion for Summary

Judgment; 11/22/16 Robert Motion for Summary Judgment. In the motions, all Appellees asserted the affirmative defense of accord and satisfaction/settlement. They alleged the parties entered into a settlement agreement in the divorce action on March 9, 2016 and that settlement released all of Appellant's known and unknown claims against them.

{¶11} Attached to each summary judgment motion was the March 9, 2016 settlement agreement. Neither motion incorporated the settlement through an affidavit. However, Appellee Robert requested leave to supplement the summary judgment motion to include his affidavit incorporating the settlement agreement. 12/6/16 Motion to Supplement Summary Judgment Motion. The trial court granted the motion. 12/12/16 J.E.

{¶12} With the trial court's permission, Appellees Tim and Geri also filed a Motion for Default Judgment Instanter against Appellant Eunicee. 11/30/16 Motion for Default Judgment Instanter; 11/23/16 J.E. The motion alleged Appellant Eunicee failed to file an answer to the counterclaim.

{¶13} Appellant responded to the summary judgment motions, but did not respond to the motion for default judgment. Appellant argued the affirmative defense of accord and satisfaction should be struck because it was not pled in the answers. Alternatively, she argued the plain language of the release was limited to the divorce action. She contended, at the minimum, the language should be determined to be ambiguous, and thus, the intent of the parties was a jury question. Accordingly, she asserted summary judgment was not warranted. 1/3/7 Motion in Opposition.

{¶14} In Appellee Robert's reply to Appellant's motion in opposition to summary judgment, he moved to amend his answer to include the affirmative defense of accord and satisfaction.

{¶15} The trial court granted Appellees motions for summary judgment based on the settlement in the divorce action. 2/9/17 J.E. In that ruling it did not expressly grant Appellee Robert's motion to amend the answer and it did not make a ruling on Appellees Tim and Geri's motion for default judgment.

**{¶16}** Appellant timely appealed the trial court's decision and raises three assignments of error.

First Assignment of Error

"The Court abused its discretion in failing to grant Appellant's motion to strike the affirmative defense of accord and satisfaction or release."

**{¶17}** Appellant argues the trial court erred in failing to strike the affirmative defense of accord and satisfaction/settlement. She contends the defense was not raised in the answer, but instead was raised for the first time in the summary judgment motions. Pursuant to Civ.R. 8(C), 12(H) and the Ohio Supreme Court's decision in *Jim's Steak House*, Inc., she argues the defense should have been struck and Appellees motions for summary judgment should have been overruled.

**{¶18}** *Jim's Steak House* dealt with the affirmative defense of res judicata. *Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18, 688 N.E.2d 506 (1998). The plurality opinion of the Court explains:

> Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * * ." In *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187, 189, this court held that "[a]n affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15. *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 4, 12 OBR 1, 4, 465 N.E.2d 377, 380." We modify that holding today, noting that Civ. R. 12(H) applies only to affirmative defenses listed in Civ. R. 12(B)(1) through (6). Affirmative defenses other that [sic] those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings. Civ.R. 8; Civ.R. 15.

*Id.*

{¶19} Accord and satisfaction is listed as an affirmative defense under Civ.R. 8(C). Therefore, if the defense was not raised in the pleadings or in an amendment to the pleadings, it is waived. Amendments to the answer could have been made within 28 days of service of the answer, with the consent of the opposing party, or with leave of the court. Civ.R. 15(A).

{¶20} The record clearly indicates accord and satisfaction/settlement was not pled in Appellees answers. 2/18/16 Tim and Geri's Answer and Counterclaim; 2/29/16 Robert's Answer. However, Appellees Tim and Geri reserved the right to raise additional affirmative defenses as they became available and were discoverable. 2/18/16 Tim and Geri's Answer and Counterclaim. They also reserved the right to amend the answer to add such defenses. 2/18/16 Tim and Geri's Answer and Counterclaim. Appellee Robert also reserved the right to raise any additional affirmative defenses not specifically raised. 2/29/16 Robert's Answer.

{¶21} The affirmative defense of accord and satisfaction could not have been pled in Appellees answers because it was not a viable defense at that time. The answers were filed in February 2016. The settlement was not executed until March 9, 2016. However, it is not appropriate to raise an affirmative defense for the first time in a summary judgment motion. *Stanwade Metal Products, Inc. v. Heintzelman*, 158 Ohio App.3d 228, 814 N.E.2d 572, 2004–Ohio–4196, ¶ 22 (11th Dist.) (An affirmative defense may not be raised initially in a response to summary judgment motion). *See Jim's Steak House, Inc.*, 81 Ohio St.3d at 18 ("Affirmative defenses other that [sic] those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings.").

{¶22} Thus, the answers were required to be amended to properly assert the affirmative defense of accord and satisfaction. Appellees' reservation of the right to raise additional defenses did not dispose of the requirement to amend the answers. *See L.E. Sommer Kidron, Inc. v. Kohler*, 9th Dist. No. 06CA0044, 2007-Ohio-885, ¶ 37 (Reservation of additional defenses language does not legally entitle the party to raise defenses at any time during the proceedings.). Compliance with Civ.R. 15 is

still required because Civ.R. 8(C) provides affirmative defenses must be expressly stated. *Id.*

**{¶23}** Following his summary judgment motion and Appellant's reply in opposition and motion to strike the affirmative defense, Appellee Robert moved to amend his answer and attached a proposed answer to the motion. 1/12/17 Robert's Reply. The trial court did not expressly rule on that request, but instead granted Robert's motion for summary judgment.

**{¶24}** The trial court's grant of summary judgment was an implicit grant of the motion to amend. Civ.R. 15(A) states, "The court shall freely give leave when justice so requires." We will not reverse a trial court decision to grant or deny a motion for leave to amend a pleading absent an abuse of discretion. *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006–Ohio–6289, 863 N.E.2d 1092, ¶ 28 (4th Dist.). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013–Ohio–1777, 991 N.E.2d 218, ¶ 25.

**{¶25}** In this case, given the timing of the settlement agreement and the fact that all parties to the settlement agreement are parties to this suit, the trial court did not abuse its discretion by implicitly granting the request to amend the answer. Appellant was not surprised by the settlement agreement defense; she was a party to the agreement. Her response to the motions for summary judgment included the argument that the settlement agreement was specific as to the domestic relations divorce action and does not apply to this case. Therefore, she was able to raise an argument concerning the applicability of the settlement to the case at hand.

**{¶26}** Consequently, for those reasons this assignment has no merit as to Appellee Robert.

**{¶27}** As to Appellees Tim and Geri, they filed their answer separately from Appellee Robert. They also filed their summary judgment motion separate from Appellee Robert's. They did not join in on Appellee Robert's motion to amend the answer to include the affirmative defense of accord and satisfaction. Furthermore, they did not file their own motion to amend their answer.

**{¶28}** Without an amendment or an agreement between the parties to amend the answer to conform to the evidence, the affirmative defense should have been struck for the reasons expressed above. However, if we reverse the grant of summary judgment, order the affirmative defense struck, and remand the matter for further proceedings, Appellees Tim and Geri would move to amend the answer to include the affirmative defense. The decision would eventually be appealed to this court.

**{¶29}** Therefore, in the interests of judicial economy and given the specific facts and procedural posture of this case, we hold the trial court did not commit reversible error in failing to strike the affirmative defense. Although Appellees Tim and Geri should have moved to amend the answer to include the defense of accord and satisfaction, the issue of whether to allow the affirmative defense was before the trial court when Appellee Robert requested leave to amend his answer to include the accord and satisfaction defense. As stated above, the trial court did not abuse its discretion when it implicitly granted Appellee Robert's motion to amend the answer to include the defense of accord and satisfaction. As stated above, Appellant was not surprised by the defense of accord and satisfaction and her response to the motions for summary indicated she was able to raise an argument concerning the applicability of the settlement to the case at hand. That reasoning equally applies to Appellees Tim and Geri. Therefore, the trial court did not abuse its discretion in failing to strike the affirmative defense. *See State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-15009, 824 N.E.2d 1000, ¶ 10 ("A trial court's decision to grant or deny a motion to strike will not be overturned on appeal absent a showing of abuse of discretion."). Our decision in this matter is specifically limited to the facts and procedural posture of this case. This assignment of error lacks merit as to Appellees Tim and Geri.

### Second Assignment of Error

"The court erred in applying a release granted specifically to H. Tim and Geri Henricksen in a domestic relations matter to apply generally to these pending claims including Robert J. Henricksen, who was not even released to all."

{¶30} This assignment of error addresses the content of the settlement agreement. The trial court found the settlement released all claims against Appellees, which included this action. Accordingly, it granted summary judgment for all Appellees.

{¶31} Appellant argues this holding is incorrect. She contends the plain language of the settlement limits it to the divorce action. Alternatively, she asserts the language is ambiguous and it is for a jury to determine the intent of the parties.

{¶32} Appellees Tim and Geri argue the trial court's ruling was correct. They assert the language is plain and clearly releases them of all claims, known and unknown, occurring prior to the date of the settlement. Appellee Robert likewise asserts the trial court's decision is correct. He claims he is released of all claims because he was a party to the settlement, and because he is a relative of Appellees Tim and Geri and the settlement specifically released their heirs and relatives.

{¶33} We review a trial court's grant of summary judgment de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005–Ohio–4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. A trial court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C).

{¶34} This case involves a settlement agreement. "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). The construction of written contracts is a question of law and is reviewed de novo. *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 28.

{¶35} It is a fundamental principle in contract construction that contracts should "be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio

St.2d 244, 313 N.E.2d 374 (1974). Where the terms of the contract are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53, 544 N.E.2d 920 (1989).

{¶36} However, if a contract is reasonably susceptible to more than one meaning, then it is ambiguous and extrinsic evidence of reasonableness or intent can be employed. *City of Steubenville v. Jefferson Cty.*, 7th Dist. No. 07JE51, 2008-Ohio-5053, ¶ 22. Therefore, "[p]arol evidence directed to the nature of a contractual relationship is admissible where the contract is ambiguous and the evidence is consistent with the written agreement[.]" *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 521, 639 N.E.2d 771 (1994), paragraph two of the syllabus. "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." *Ohio Historical Soc. v. Gen. Maintenance and Eng. Co.*, 65 Ohio App.3d 139, 146, 583 N.E.2d 340 (10th Dist.1989).

*1. Geri and Tim*

{¶37} As aforementioned, Appellant Eunicee named Appellees Geri and Tim as third party defendants in the divorce action against Appellee Robert. The complaint in the divorce action alleged Appellees Geri and Tim had an ownership interest in the 2724 Bears Den Road property and there was a rent-to-own agreement between Geri and Tim, and Robert and Eunicee. Appellees Tim and Geri alleged Appellant failed to pay rent and failed to vacate the premises. Appellant alleged Appellees Tim and Geri had forgiven the rent payments.

{¶38} Appellant Eunicee and Appellees Tim and Geri agreed to settle the claims. The settlement identifies Eunicee as Plaintiff, Robert as Defendant, and Tim and Geri as Third-Party Defendants. One of the introductory paragraphs in the agreement states:

> WHEREAS, Plaintiff and Third Party Defendants, after participation in the settlement conference on February 17, 2016, wish to settle the claims brought forth in the above, referenced Domestic Action **and any and all claims and disputes, known and unknown, between the**

**Plaintiff and Third Party Defendants that may exist through the date of execution of this Release and Settlement Agreement**.

(Emphasis Added). 3/9/16 Settlement.

**{¶39}** The first paragraph of the body of the agreement states in exchange for payments and the executed document, Eunicee agrees to dismiss the divorce action with prejudice as it pertained to Tim and Geri. 3/9/16 Settlement, paragraph 1. The number of the divorce action, 2015 DR 265, is stated in that paragraph. The next paragraph states the financial settlement of $1,000.00 is a complete and total settlement of the allegations in "Case Number 2015 DR 265," the divorce action. 3/9/16 Settlement, paragraph 2.

**{¶40}** The third and fourth paragraphs of the settlement are the "General Release of Claims" and "Non-admission of Liability;" they provide, in relevant part:

> <u>General Release of Claims.</u> Plaintiff agrees to dismiss the domestic relations action and to release the Third Party Defendants and their heirs, relatives, assigns, attorneys, agents, affiliates, estates, parents, successors, or any other individual, in either their representative or individual capacity (all collectively referred to as "the Released Parties"), and hold them harmless from any and all claims, demands, actions, causes of action, costs and expenses and attorney fees, which the Plaintiff now has or may have, against Third Party Defendants, or the Released Parties, through the date of execution of this Release and Settlement Agreement. Plaintiff agrees to the execution, as described in paragraph one (1) to a full and complete dismissal with prejudice by its attorneys with respect to the domestic relations action under case number 2015 DR 265.
>
> **This release includes, but it not limited to, the release and dismissal of any and all charges, or claims of delineated in the Amended Complaint or Common Law, tort, public policy, or any federal, state or local statute, ordinance, regulation or**

**constitutional provision, or other liabilities, suits, debts, claims, compensatory or punitive damages, costs, attorney fees, or other sums of money, grievances, expenses, demands, controversies of every kind and description, or any other allegations, whether liquidated or unliquidated, known or unknown, contingent or otherwise, whether specifically mentioned or not, that Plaintiff now has or has had or which may exist or might be claimed to exist at or prior to the date of execution of this Release and Settlement Agreement. Plaintiff specifically waives any claim or right to asset [sic] any cause of action, alleged cause of action, claim, charge or demand which may exist but which has been, through oversight or error, intentionally or unintentionally, omitted from this Release and Settlement**.

Plaintiff acknowledges that Third Party Defendants would not have consented to payment of the Financial Settlement were it not for its agreement to this Release provision, and that any breach of this provision will frustrate the underlying purpose of this Release and Settlement Agreement.   * * *

<u>Non-admission of Liability</u>.  The parties agree that by entering into this Release and Settlement, the Third Party Defendants, H. Tim Henricksen and Geri Henricksen, are not admitting wrongdoing. **The parties understand and agree that this Release and Settlement Agreement is being entered in an effort to resolve a dispute between the parties and avoid any further dispute, discussion or action concerning the matters related thereto**.

(Bold Emphasis Added).  3/9/16 Settlement, paragraphs 3 and 4.

**{¶41}** The bolded sentences in the introductory paragraph, paragraph 3 of the body of the agreement, and paragraph 4 of the body of the agreement are unambiguous. The introductory paragraph of the agreement plainly states the

agreement is a settlement of the claims raised against Appellees Tim and Geri in the divorce action **and** any and all claims and disputes, known and unknown, between Appellant Eunicee and Appellees Tim and Geri that existed up to the date of the Settlement Agreement. Likewise, paragraph 3 of the settlement agreement states the agreement includes claims made in the divorce action against Appellees Tim and Geri **and** any other claims based in common law, tort, public policy, or any federal, state or local statute, ordinance, regulation or constitutional provision.

**{¶42}** If the release was intended to limit it to the divorce action, limiting language could have easily been used. The agreement does specifically list the divorce action, but the language of the release is not limited to that action. Rather, the language includes that action **and** releases other known and unknown claims.

**{¶43}** Admittedly, the settlement does not reference the current action, which was already pending when the settlement agreement was executed. However, that omission is not an indication the settlement does not apply to it. The last sentence of the Non-Admission of Liability section indicates the settlement agreement was entered to resolve the dispute between the parties and to avoid further disputes related to the matter. The civil action for "Retaliatory Eviction and Interference with a Witness" is clearly related to the divorce matter. The underlying allegations from the two actions concern Appellees Tim and Geri's action of evicting Appellant Eunicee from the residence located at 2724 Bears Den Road in Youngstown, Ohio, and her owing them back rent. Thus, the settlement was clearly intended to resolve these issues.

**{¶44}** Consequently, as to Appellees Tim and Geri, the clear and unambiguous language of the settlement agreement disposes of the claims brought against them in the case at hand. The trial court's decision to grant summary judgment to Tim and Geri on the basis of the settlement agreement is correct.

*2. Robert*

**{¶45}** Appellee Robert signed the settlement agreement and was referred to as Defendant in the settlement agreement. 3/9/16 Settlement.

**{¶46}** The introductory paragraph cited above states Appellant Eunicee and Appellees Tim and Geri were settling any and all claims between themselves. The language did not indicate Appellant Eunicee and Appellee Robert were settling the claims between themselves. However, the general release provision did provide that Appellant Eunicee agreed to release Appellees Tim and Geri and "their heirs, relatives, assigns, attorneys, agents, affiliates, estates, parents, successors, or any other individual, in either their representative or individual capacity (all collectively referred to as "the Released Parties"), and hold them harmless from any and all claims, demands, actions, causes of action, costs and expenses and attorney fees, which the Plaintiff now has or may have, against Third Party Defendants, **or the Released Parties**, through the date of execution of this Release and Settlement Agreement." (Emphasis Added). 3/9/16 Settlement.

**{¶47}** Appellee Robert argues this general release language indicates the release covers the intentional tort assault claim Appellant Eunicee asserted in the case at hand because he is a relative and/or heir of Appellees Tim and Geri.

**{¶48}** It is undisputed Appellee Robert is the son of Appellees Tim and Geri. However, he is not Appellees Tim and Geri's heir because they are still alive; he would only become their heir upon their death. He is also not their assignee because there is no evidence Appellees Tim and Geri assigned any rights to him. Furthermore, in reading the entire settlement it is clear the intent of the settlement was to settle claims asserted by and against Appellees Tim and Geri; it was not to settle claims against Appellee Robert. He was named a party to the agreement solely because he was a party to the divorce action; he was not named as party to settle Appellant's claims against him.

**{¶49}** Therefore, the trial court's decision to grant summary judgment on the basis of the defense of accord and satisfaction was incorrect.

*3. Conclusion*

**{¶50}** For the reasons stated above, this assignment of error lacks merit as to Appellees Tim and Geri. However, it is meritorious as to Appellee Robert.

## Third Assignment of Error

"The court erred in accepting the affidavit attached to the motion for summary judgment, which included the release, as evidence proper for a motion for summary judgment."

**{¶51}** Appellees Robert, Tim, and Geri attached the settlement agreement to their motions for summary judgment. Appellee Robert also filed a motion to supplement his motion for summary judgment to include his affidavit avowing that the settlement agreement attached was a true and accurate copy of the agreement between the parties. 12/6/16 Motion for Leave to Supplement Motion for Summary Judgment. The trial court granted the request. 12/12/16 J.E.

**{¶52}** In the motion in opposition to summary judgment and the motion to strike affirmative defense, Appellant Eunicee did not assert the affidavit was insufficient or argue the settlement was not proper Civ.R. 56 summary judgment evidence.

**{¶53}** Where the non-movant fails to object to the form of the movant's summary judgment evidence, it is within the trial court's discretion to consider the evidence. *Kight v. Miller*, 7th Dist. No. 16 MA 0079, 2017-Ohio-5714, ¶ 28, citing *State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455, ¶ 17. Furthermore, our sister districts have stated the "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83 (8th Dist.1987). *See also Abercrombie v. Ohio Dept. of Rehab. & Correction*, 10th Dist. No. 16-AP744, 2017-Ohio-5606, ¶ 17; *Nationwide Mut. Fire Ins. Co. v. Wittekind*, 134 Ohio App.3d 285, 289 (4th Dist.1999).

**{¶54}** Consequently, since Appellant Eunicee did not object to the evidence on the basis that it was improper summary judgment evidence, the trial court was permitted to consider it and did not abuse its discretion in considering the evidence.

**{¶55}** Furthermore, despite Appellant's claims to the contrary, Appellee Robert's affidavit was sufficient to render the settlement agreement proper summary judgment evidence. Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Spier v. American Univ. of the Caribbean*, 3 Ohio App.3d 28, 29, 443 N.E.2d 1021 (1st Dist.1981). Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). A party may introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E). *Seneca Valley, Inc. v. Caldwell*, 156 Ohio App.3d 628, 2004-Ohio-1730, 808 N.E.2d 422, ¶ 27 (7th Dist.), citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981). Pursuant to Civ.R. 56(E), "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "'[A] mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.'" *Bailey v. George*, 7th Dist. No. 15 CO 0029, 2017–Ohio–767, ¶ 22. Appellee Robert avowed the settlement agreement attached was a true and accurate copy of the agreement entered. 12/6/16 Appellee Robert Affidavit. He was a party to the settlement agreement and he signed the agreement. Therefore, his assertion of personal knowledge was sufficient to satisfy Civ.R. 56(E).

**{¶56}** Consequently, this assignment of error lacks merit because Appellant Eunicee did not object to the evidence on the basis that it was improper summary judgment evidence, and because Appellee Robert supplemented the motion to include an affidavit satisfying Civ.R. 56(E).

<u>Conclusion</u>

**{¶57}** For the reasons expressed above, the trial court's decision is affirmed in part, and reversed and remanded in part. As to Appellees Tim and Geri all

assignments of error lack merit. The trial court's grant of summary judgment for Appellees Tim and Geri is affirmed. As to Appellee Robert, the first and third assignments of error lack merit. The second assignment of error, however, has merit. The grant of summary judgment for Appellee Robert is reversed and the matter is remanded for further proceedings.

Donofrio, J., concurs.

Waite, J., concurs.