[Cite as *State v. G.F.*, 2019-Ohio-3673.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-201 |
| | | (C.P.C. No. 06CR-7733) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [G.F.], | : | |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on September 12, 2019

_____

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee. **Argued**: *Steven L. Taylor*.

**On brief**: *Elizabeth N. Gaba*, for appellant. **Argued**: *Elizabeth N. Gaba*.

_____

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} G.F., defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court denied his motion for leave to file motion for new trial.

{¶ 2} A more detailed recitation of the underlying facts of this case can be found in *State v. [G.F.]*, 10th Dist. No. 07AP-999, 2008-Ohio-6677 ("*G.F. I*"). In summary, the victim, D.W., was a four-year-old male child. Appellant is not D.W.'s biological father but financially supported him and maintained a father-son relationship. D.W.'s mother is C.W., and his biological father was D.L. Appellant also has a biological child, E.A., with a

different woman, and was awarded temporary emergency custody of E.A., who was four years old at the time, on March 15, 2006.

{¶ 3}   On March 21, 2006, D.W. told C.W. that appellant put his penis in D.W.'s mouth. D.W. stated appellant also put his penis in E.A.'s mouth. Appellant denied doing so. On October 18, 2007, appellant was found guilty, pursuant to a jury trial, of rape of a child under 10 years of age with regard to D.W., and the trial court sentenced him to a mandatory life sentence.

{¶ 4}   Appellant appealed, and this court affirmed the judgment in *G.F. I*. The Supreme Court of Ohio declined jurisdiction in *State v. [G.F.]*, 121 Ohio St.3d 1475, 2009-Ohio-2045. Appellant twice filed applications for reopening, which this court denied on December 29, 2009, and June 15, 2010. We also denied appellant's application for reconsideration of our denial of his second application to reopen.

{¶ 5}   On July 28, 2014, appellant filed a 52-page "instanter motion for new trial," pursuant to Crim.R. 33(A)(2) and (6). On August 5, 2014, the State of Ohio, plaintiff-appellee, filed a memorandum opposing appellant's motion for new trial. In the memorandum, the state noted that because his motion was beyond the 14-day time limit for new trial motions based on Crim.R. 33(A)(2), and beyond the 120-day time limit for new trial motions based on Crim.R. 33(A)(6), appellant was required to file a motion for leave to file a delayed motion for new trial but failed to do so. The state also noted that appellant failed to file a motion for leave to exceed Loc.R. 12.01 of the Court of Common Pleas of Franklin County, General Division 15-page limit.

{¶ 6}   On August 11, 2014, appellant filed a 42-page motion for leave to file motion for new trial and motion for leave to exceed page limitation for both the instanter motion and motion for leave. The trial court granted appellant leave to exceed the page limit and, on August 26, 2014, the state filed a motion requesting an extension of time until September 24, 2014 to file a memorandum contra appellant's motion for leave. The state filed its memorandum contra on September 19, 2014. On November 3, 2014, appellant filed a 20-page reply memorandum, which exceeded the 7-page limit under Loc.R. 12.02.

{¶ 7}   On February 20, 2018, the trial court filed a decision and entry in which it denied appellant's motion for leave to file motion for new trial and declined to consider the reply memorandum because it exceeded the 7-page limit. Although the trial court did

not expressly grant the state's motion for extension of time, it did consider the state's September 19, 2014 memorandum in the decision.

{¶ 8}    Appellant appeals, asserting the following three assignments of error:

> [I.]   THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN FORMING A DECISION BASED IN PART ON A CONSIDERATION OF THE STATE'S *MEMORANDUM CONTRA*, WHEN THE COURT NEVER GRANTED THE STATE AN EXTENSION TO FILE ITS *MEMORANDUM CONTRA* LATE.
>
> [II.]   THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT REFUSED TO CONSIDER APPELLANT'S REPLY, FILED NOVEMBER 3, 2014.
>
> [III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR NEW TRIAL AND IN NOT CONSIDERING THE MOTION FOR NEW TRIAL, EITHER AS A RULE 33 MOTION OR A POSTCONVICTION PETITION.

(Emphasis sic.)

{¶ 9}    Appellant argues in his first assignment of error the trial court erred when it considered the untimely memorandum contra filed by the state because the court never granted the state an extension to file its untimely memorandum contra. Appellant claims the state's memorandum contra should have been deemed a nullity and ignored.

{¶ 10}  As explained above, on August 11, 2014, appellant filed his motion for leave to file motion for new trial. On August 26, 2014, the state filed a motion requesting an extension of time to file a memorandum contra appellant's motion for leave, and the state filed its memorandum contra on September 19, 2014. In denying appellant's motion for leave to file motion for new trial in its February 20, 2018 decision, the court considered the state's memorandum contra but never expressly granted the state's motion for extension of time.

{¶ 11}  We find appellant's argument without merit. Appellant is correct that, generally, when a trial court fails to rule on a motion, as is the case here, the motion will be presumed denied for purposes of appellate review. *See In re L.M.*, 10th Dist. No. 10AP-

445, 2010-Ohio-5447, ¶ 27, citing *Vahdati'bana v. Scott R. Roberts & Assocs., L.P.A.*, 10th Dist. No. 07AP-581, 2008-Ohio-1219. However, such presumption may be rebutted when the court implicitly grants the motion for extension of time by rendering a decision that makes clear the court considered the underlying pleading. *See, e.g., State v. Washington*, 11th Dist. No. 95-P-0025 (Apr. 4, 1997) (even though the court never ruled on the motion for extension of time to file the petition, it implicitly granted the motion for extension when it denied appellant's petition). This concept has been applied in other circumstances, as well. *See, e.g., J.M. v. A.M.*, 2d Dist. No. 2015-CA-92, 2016-Ohio-1261, fn. 1 (although the juvenile court did not issue an express ruling on the motion to amend, it implicitly granted the motion, since it ultimately ruled on the request for shared parenting contained within the motion to amend); *Henricksen v. Henricksen*, 7th Dist. No. 17 MA 0044, 2017-Ohio-9050, ¶ 24 (the trial court's grant of summary judgment was an implicit grant of the motion to amend answer); *State v. Glover*, 8th Dist. No. 102828, 2016-Ohio-2833 (finding it was clear from the record the trial court implicitly granted leave to file a motion for new trial by setting the matter for hearing, considering the merits of his motion, and then ruling in his favor). For these reasons, we find the trial court did not err when it considered the state's memorandum contra. Appellant's first assignment of error is overruled.

{¶ 12} Appellant argues in his second assignment of error the trial court erred when it refused to consider his November 3, 2014 reply in determining his motion for leave and motion for new trial. Appellant asserts the state did not claim surprise or undue prejudice as a result of the violation, and its decision prevented the case from being decided on the merits of his full argument.

{¶ 13} We disagree with appellant's argument. Loc.R. 12.01, 12.02, and 12.03 provide:

> 12.01
>
> A supporting or opposing memorandum or brief, including administrative appeals, shall not exceed fifteen (15) pages exclusive of any supporting documents. Any supporting or opposing memorandum or brief which exceeds fifteen (15) pages shall not be considered without prior leave of the Court.

12.02

A reply memorandum or brief including administrative appeals shall not exceed seven pages and shall be restricted to matters in rebuttal. Any reply memorandum or brief which exceeds seven pages shall not be considered without prior leave of the Court.

12.03

A motion for leave to file a memorandum or brief in excess of the page limitations set forth in 12.01 and 12.02 above shall be made no later than seven days prior to the time for filing the brief.

Such motion shall set forth the unusual and extraordinary circumstances which necessitate exceeding the page limitation.

{¶ 14} Here, appellant's 20-page reply was well in excess of the 7-page limit in Loc.R. 12.02. Loc.R. 12.02 plainly provides that "[a]ny reply memorandum or brief which exceeds seven pages shall not be considered without prior leave of the Court." Appellant did not seek prior leave of the court. Furthermore, pursuant to Loc.R. 12.03, such prior leave to exceed the page limitations must be made at least seven days before the filing of the brief. Appellant did not comply with this mandate either. In addition, Loc.R. 12.03 provides that, in such a motion, the appellant must "set forth the unusual and extraordinary circumstances which necessitate exceeding the page limitation." Appellant obviously failed to comply with this requirement, as well. Significantly, appellant's motion for leave to file a delayed motion for new trial was a lengthy 42 pages, pursuant to leave by the court to file a long brief, but the state's memorandum contra was within the 15-page limitation set forth in Loc.R. 12.01. Given appellant presented a 42-page argument initially, while the state's memorandum contra was within the 15-page limit of the local rule, appellant faced a significant hurdle to setting forth any unusual or extraordinary circumstances that demonstrated the need for a 20-page reply. Also, appellant was clearly aware of the page limitations set forth in the local rules, as he already utilized the local rules to seek leave to file his motion for leave to file a long brief. In the end, appellant clearly failed to follow the local rules in filing his non-compliant reply, and the trial court had appellant's initial 42-page motion from which to fairly judge the merits of appellant's

argument. Given these circumstances, we cannot find the trial court erred when it declined to consider appellant's reply that exceeded the page limitations as set forth in the local rules. Appellant's second assignment of error is overruled.

{¶ 15} Appellant argues in his third assignment of error the trial court erred when it denied his motion for leave to file a motion for new trial under Crim.R. 33. "In considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard." *State v. Anderson*, 10th Dist. No. 13AP-831, 2014-Ohio-1849, ¶ 7 ("*Anderson II*"), citing *State v. Anderson*, 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9 ("*Anderson I*"). A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A review under the abuse-of-discretion standard is a deferential review. It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14.

{¶ 16} Appellant moved the trial court for leave to file a delayed motion for new trial on the grounds set forth in Crim.R. 33(A)(1), (2), and (6). " 'In considering a trial court's denial of a motion for leave to file a motion for new trial, this court employs an abuse of discretion standard.' " *State v. Armengau*, 10th Dist. No. 16AP-355, 2017-Ohio-197, ¶ 6, quoting *Anderson II* at ¶ 7. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Armengau* at ¶ 6, citing *Blakemore*. "A review under the abuse-of-discretion standard is a deferential review. It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. "[H]owever, where the trial court has misstated the law or applied the incorrect law, giving rise to a purely legal question, our review is de novo." *Shaffer v. OhioHealth Corp.*, 10th Dist. No. 03AP-102, 2004-Ohio-63, ¶ 6.

{¶ 17} Pursuant to Crim.R. 33(A), a new trial may be granted on motion of the defendant for an enumerated list of causes "affecting materially his substantial rights." Crim.R. 33(A). Appellant moved the trial court for leave to file a delayed motion for new trial under grounds set forth in Crim.R. 33(A)(1), (2), and (6).

{¶ 18} Under Crim.R. 33(A)(1), a trial court may grant a motion for new trial based on "[i]rregularity in the proceedings * * * because of which the defendant was prevented from having a fair trial." Under Crim.R. 33(A)(2), a trial court may grant a motion for new trial based on "[m]isconduct of the jury, prosecuting attorney, or the witnesses for the state." A motion for a new trial under Crim.R. 33(A)(1) and (2) must be filed within 14 days after the verdict was rendered, unless clear and convincing proof shows the defendant was unavoidably prevented from filing his motion for new trial within that 14-day period. Crim.R. 33(B).

{¶ 19} Under Crim.R. 33(A)(6), a trial court may grant a motion for new trial based on the discovery of new evidence material to the defense that the defendant could not, with reasonable diligence, have discovered and produced at trial. *State v. Graggs*, 10th Dist. No. 13AP-852, 2014-Ohio-1195, ¶ 5. " 'Newly discovered evidence' is 'evidence of facts in existence at the time of trial of which the party seeking a new trial was justifiably ignorant.' " *State v. Holzapfel*, 10th Dist. No. 10AP-17, 2010-Ohio-2856, ¶ 20, quoting *State v. Love*, 1st Dist. No. C-050131, 2006-Ohio-6158, ¶ 43.

{¶ 20} A motion for new trial based on newly discovered evidence must be filed within 120 days after the jury verdict or the court's judgment. Crim.R. 33(B). However, a trial court may grant a motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline in certain circumstances. First, the court must determine whether the defendant has met his burden of establishing by clear and convincing proof that he or she was " 'unavoidably prevented from the discovery of the evidence upon which he must rely.' " *Graggs* at ¶ 5, quoting Crim.R. 33(B). "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-46 (10th Dist.1984). Second, the trial court must determine whether the party seeking

leave under Crim.R. 33 filed the motion for leave within a reasonable time after discovering the evidence supporting the motion under the circumstances. *Armengau* at ¶ 16; *State v. Warren*, 2d Dist. No. 26979, 2017-Ohio-853, ¶ 40.

{¶ 21} Whether the defendant was unavoidably prevented from discovering the asserted new evidence or was reasonably delayed in filing a motion for leave may require a hearing. "If the defendant provides documents that on their face support the defendant's claim that discovery of the evidence was unavoidably delayed, the trial court must hold a hearing to determine whether there is clear and convincing evidence of unavoidable delay." *State v. Bush*, 10th Dist. No. 08AP-627, 2009-Ohio-441, ¶ 8; *Warren* at ¶ 48. *See, e.g.*, *State v. Alexander*, 11th Dist. No. 2011-T-0120, 2012-Ohio-4468, ¶ 4, 21 (finding trial court abused its discretion in not holding a hearing on motion for leave to file delayed motion for new trial where recanting affidavit of state's witness stated he lied at trial and that he "recently" approached defendant and offered to recant his testimony). Otherwise, the trial court may exercise its discretion regarding whether to hold a hearing on a defendant's motion for leave to file a motion for new trial. *Armengau* at ¶ 33 (finding trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial without holding an evidentiary hearing where appellant's affidavit failed to allege facts which would excuse his failure to timely file a motion for new trial); *State v. Redd*, 6th Dist. No. L-13-1087, 2013-Ohio-5181, ¶ 10, *appeal not accepted*, 138 Ohio St.3d 1436, 2014-Ohio-889; *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶ 19 (2d Dist.). *See, e.g.*, *Bush* (finding trial court did not abuse its discretion in denying defendant's motion for leave to file a motion for new trial without an evidentiary hearing where co-defendant's recanting affidavit exonerated defendant but nothing in the affidavit supported the conclusion that defendant could not have obtained the information within 120 days of trial and no evidentiary materials were otherwise provided on this point).

{¶ 22} In the present case, the jury rendered its verdict in the criminal trial on October 18, 2007. Because appellant did not file his motion for new trial within either time frame stated in Crim.R. 33(A)(1), (2), and (6), Crim.R. 33(B) required appellant to seek leave from the trial court before filing his motion for new trial.

{¶ 23} In denying appellant's motion for leave to file a motion for new trial, the trial court found appellant was not unavoidably prevented from discovering the evidence that formed the basis of the motion. We agree with the trial court.

{¶ 24} Appellant presents several different arguments under this assignment of error. Appellant claims he was unavoidably prevented from raising these arguments within 120 days because of the state's insistence on denying information to the defense. Appellant asserts he requested, on November 15, 2006, from the state, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), D.W.'s recorded statements, C.W.'s criminal record, and any other information from Franklin County Children Services Enforcement Agency ("FCCSEA"), Center for Child and Family Advocacy, and the Grove City Police Department that would be inconsistent with or refute D.W.'s claims. Appellant argues the state provided none of this information even though it had all of it in its possession.

{¶ 25} Appellant's first argument is that there is no physical evidence and the entire case is based on the statement of a four-year-old child, D.W., who was five years old at the time of trial. Appellant points out D.W.'s testimony and statements were inconsistent, and E.A. testified he never saw appellant put anything in D.W.'s mouth. However, these arguments go to the underlying merits of the motion for new trial and not the merits of the motion for leave to file his untimely motion for new trial.

{¶ 26} Appellant next argues the state did not provide "*Brady*" material to him regarding D.W.'s possible biological father, D.L., who lived in the same apartment complex as D.W.  Although D.L. has a past history of alleged sexual abuse when he was 14 years old involving a 7-year-old victim, which appellant admits the state minimally disclosed through discovery, D.L. also has an extensive adult criminal history. A woman once filed a petition for domestic violence that claimed D.L. physically and sexually assaulted her. Appellant claims the state did not disclose this later information. However, appellant was not unavoidably prevented from discovering this evidence. Initially, appellant does not contend he was unaware of D.L.'s criminal and sexual assault history. Furthermore, it is mere speculation that any records relating to D.L.'s criminal and sexual assault history are exculpatory as related to the present case. There is nothing to support the theory that D.L. committed the actual abuse against D.W. in the present case. In addition, these records were public records which were freely and equally available to

appellant. *See State v. Stoutamire*, 11th Dist. No. 2008-T-0108, 2009-Ohio-6228, ¶ 37 (court records are matters of public record, and were discoverable by the defense in preparation of trial); *State v. Ross*, 9th Dist. No. 23028, 2006-Ohio-4352, ¶ 27 (*Brady* does not require that a party disclose information which is part of a public record). Therefore, this argument is without merit.

{¶ 27} Appellant next argues the Grove City Police purposely failed to investigate T.W.'s alleged sexual assault of E.A., which occurred shortly after D.W.'s accusation. Appellant points out T.W. was the babysitter of both boys and had court documented psychiatric sex-related offenses, and the state refused to investigate her or disclose her history of psycho-sexual violence, even after appellant reported to the police that he had caught T.W. molesting E.A. Appellant claims he did not know until he filed his motion for new trial in 2014 that T.W. had been indicted for burglary and theft in 2001, and she underwent court-ordered psychiatric treatment in relation to that case. Appellant claims the state never disclosed this information.

{¶ 28} However, appellant was not unavoidably prevented from discovering this evidence. As to T.W.'s alleged sexual assault of E.A., appellant himself made the report to the police; thus, he was aware of the accusation. As for T.W.'s past criminal and psychiatric history, this claim suffers from the same deficiencies as discussed above with regard to D.L. That T.W. was the true perpetrator of the abuse at issue in this case is pure speculation, and T.W.'s past criminal history was of public record and available to appellant. Therefore, this argument is without merit.

{¶ 29} Appellant also argues that, in violation of *Brady*, C.W.'s children services background was not fully provided to appellant, including she had previously alleged that one of her other children had been sexually assaulted by that child's father, but the allegation was determined to be unfounded. Appellant asserts he did not obtain this information until 2014. However, as pointed out by the state, appellant fails to support his theory with evidentiary documentation, and he is merely speculating about what transpired in the juvenile case involving C.W. and the other child. Furthermore, even if C.W. lied in the other case, appellant presents nothing to suggest that C.W. fabricated the story in the present case. Therefore, we find this argument without merit.

{¶ 30}    Appellant next argues that even if no *Brady* violation occurred here, he was still entitled to a new trial based on ineffective assistance of trial and appellate counsel. "Ineffective assistance of trial counsel may be raised as a ground for a new trial under Crim.R. 33(A)(1) 'irregularity in the proceedings.' " *State v. Farley*, 10th Dist. No. 03AP-555, 2004-Ohio-1781, ¶ 11. To establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). A tactical decision by trial counsel, who as a licensed attorney is presumed to be competent, is not by itself enough to show ineffective assistance of counsel simply because the strategy did not result in an acquittal. *State v. Clayton*, 62 Ohio St.2d 45, 48-49 (1980).

{¶ 31}    In the present case, appellant argues his counsel never developed the obvious motive for C.W.'s and D.L.'s accusations against him. He claims he is the biological father of E.A., and the biological father of D.W. according to FCCSEA. He argues that only six days after he was awarded emergency custody and named legal custodian of E.A., C.W. and D.L. accused him of sexual abuse of D.W. He asserts that C.W. and D.L. concocted the accusations fearing he would also seek custody of D.W. He points out that C.W. had reason to fear he would seek custody of D.W. because she was an alcoholic and stripper, and had a history with children services.

{¶ 32} However, appellant was clearly aware of these circumstances of both E.A. and D.W. at the time of the present accusations. More importantly, the record reveals no indication that C.W. and D.L. were aware appellant had been granted temporary custody of E.A. prior to the accusations. Furthermore, there is nothing in the record to suggest the circumstances that led appellant to be granted temporary custody of E.A. would also apply to his custody of D.W., so that C.W. and D.L. would fear appellant would be granted custody of D.W. The record shows the basic underlying custodial circumstances with E.A. and D.W. were, in fact, fundamentally different. D.W. and E.A.'s mothers were different.

E.A.'s mother abandoned E.A., and E.A. was already living with appellant. D.W. was living with C.W. Appellant's argument is without merit.

{¶ 33}   Similarly, appellant also asserts his counsel failed to investigate and pursue the evidence related to D.L., T.W., and C.W. However, this decision was a strategic decision. Appellant has presented no convincing argument or evidence to suggest either D.L. or T.W. abused D.W. or that D.L. and C.W. fabricated the abuse claims based on a fear of losing custody of D.W. These were weak arguments based on pure speculation. Instead, appellant's counsel pursued a sound strategy of arguing the abuse never occurred at all. Counsel did pursue the argument that C.W. coerced D.W. into making up the rape allegation, and that argument had a clear evidentiary basis, which arose from D.W.'s statement that C.W. told D.W. she would "whoop" him if he did not tell her what happened. The other theories appellant raises are not based on any evidence and would have muddied the simpler trial strategy that the abuse never happened and D.W.'s claim was not credible. Therefore, for all of the foregoing reasons, we find the trial court did not err when it denied appellant's motion for leave to file motion for new trial. Appellant's third assignment of error is overruled.

{¶ 34}   Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and DORRIAN, JJ., concur.

_____